DUNN and another vs. SCHNEIDER and wife.

*Pleading—Equity.*

Plaintiffs sought to have a patent of land to defendant adjudged to enure to their
   benefit, and a conveyance from him to them decreed, on the ground that they
   were grantees of R., in whose name the land had been entered, and that defend-
   ant fraudulently procured the entry to be vacated, and the patent issued to
   himself.  *Held,* that the complaint should show that R. had a *right* of pre-
   emption to the land, and had perfected it in the manner prescribed by law.

APPEAL from the Circuit Court for *Columbia* County.

The complaint alleged that in September, 1852, one Reed
entered by pre-emption, at the land office in Menasha, a cer-
tain tract of land which was subject to such entry ; that at the
time of proving his pre-emption claim, he paid the receiver the
price of said land, and received a certificate of purchase; that
in December, 1852, he conveyed the land to one McFarland,

through whom the plaintiffs derive title; that in April, 1856, the commissioner of the general land office, by mistake, cancelled the entry made by said Reed, but in June, 1863, on the application of the plaintiffs, re-instated said entry; that Reed was in possession of the land long before his entry, and continued in possession until he conveyed to McFarland; that McFarland and the plaintiffs have been in possession ever since, except that in the spring of 1862, and again in January, 1863, the plaintiffs permitted the defendant *Carl Schneider* to occupy a small portion of the land as their tenant, and he has ever since occupied it; that at each time when said *Carl* applied for permission so to occupy, the plaintiffs informed him that they had an application pending before the general land office to re-instate said Reed's entry and obtain a patent, and that they were unwilling to lease any part of the land for fear that it might embarrass them in that matter; that said *Carl* assured them he did not want the land, and that he would do all he could to enable them to secure their title to it; that in *February*, 1863, said *Carl*, taking advantage of his occupation of said premises, secretly and fraudulently applied to the land office at Menasha to pre-empt said land, and "such proceedings were had in said office that said *Carl* was permitted to, and did enter and purchase said land by pre-emption, and has procured a patent therefor; that the plaintiffs interposed no proofs against the entry or pre-emption by said *Carl* before the officers of the land office;" that said *Carl* obtained his possession as aforesaid with intent to supplant the plaintiffs and deprive them of their land; that after the entry of said Reed had been re-instated in the general land office (in June, 1863,) said *Carl*, with intent to hold his own entry, upon a false and fraudulent suggestion that said Reed was not a citizen of the U. S. and had not declared his intention to become such at the time of his entry of said land, procured the said entry to be vacated, and a patent for the land to be issued to him, the said *Carl*, whereas in truth said Reed was a citizen of the U. S. at the time of said entry,

as the said *Carl* well knew ; " that the plaintiffs introduced no testimony before the officers of the land office relative to the citizenship of said Reed, other than original affidavits or proofs made and presented to them by said Reed when his entry was made ;" that at the time of said *Carl's* entry, said land was worth $1000; that the plaintiffs have offered to pay said *Carl* the amount expended by him in procuring said patent; that the plaintiffs paid $1500 for said land, and bought it without notice of any adverse claim or of any defect of title. Prayer, that the defendant, upon payment of the amount expended in procuring the patent, convey the land to the plaintiffs—and for general relief. The defendant demurred to the complaint on the grounds, 1. That the court had no jurisdiction of the subject of the action. 2. That the complaint did not state facts sufficient to constitute a cause of action. Demurrer overruled; and defendant appealed.

*S. Holmes*, for appellant.

*G. C. Prentiss* and *S. U. Pinney*, for respondents:

*Schneider* could not have pre-empted the land without possession in his own right, and it is a fraud for a tenant to use his possession for the purpose of overturning his landlord's title. The title of the appellant was procured not only by fraud but by perjury. Will a court of equity hesitate as to the decree it should render? The relation of landlord and tenant is a trust relation. Willard's Eq., 169 ; 1 Story's Eq. Jur., § 323. A trustee is not at liberty to contract for his own benefit in regard to the subject of the trust, or to acquire an interest hostile to that of the *cestui que trust. Keech v. Sandford,* 1 White & Tudor's Lead. Cas. in Eq., Note, 91 97 ; *Fox v. Mackreth,* id., 208–222; 1 Johns. Ch., 394; 4 id., 118, 128; 6 Paige, 355, 359, 364. A tenant cannot, while in possession, obtain a title to the demised premises paramount to that of his landlord, without subjecting himself to the right of the landlord to claim in equity a conveyance of such title, upon repaying the expense incurred by the tenant. 2. The patent under which the

appellant claims, was issued upon a false and fraudulent suggestion; and where a party has obtained a patent by fraud, the person injured may apply to equity for redress, and the court can go behind the patent and administer equity between the parties by operating upon and controlling the title vested by the patent. 3 Wis., 555; 10 Johns., 23; 15 Peters, 63; 13 id., 436, 451.

COLE, J.   It is very clear that the complaint in this case is defective for omitting to state those facts which would show that Reed had a right of pre-emption to the land in controversy, and that he perfected this right by performing the conditions annexed to it by the law of Congress upon that subject. The plaintiffs seek to overreach the title of *Schneider*, or claim to have the benefit of the title vested in him by the patent, solely by reason of their superior equities derived through Reed's entry; and yet they fail to show in the complaint that Reed was entitled to enter the land as a pre-emptor.   Since that entry, therefore, was the origin and source of all their rights in the premises, it ought at least to appear that it was valid and legal.   Now the material allegation in the complaint bearing upon the point of Reed's entry, and the acts performed by him in perfecting his pre-emption right, is the following: that on or about the first day of September, 1852, one James Reed, who then was and ever since has continued to be a citizen of the United States, and a citizen of the state of Wisconsin for some years after the said first day of September, 1852, entered by pre-emption and purchase from the United States, at their land office at Menasha, in the state of Wisconsin, the lands therein mentioned, which were subject to entry at said land office; that at the time of the proving up of the said pre-emption claim to the land, and the entry thereof, Reed paid the receiver of said land office the government price therefor, and received a certificate of such entry and purchase.   These are the material facts stated in the complaint in regard to Reed's

entry, and they fail to show that he had a valid pre-emption right to the land.  The act of Congress requires the claimant (being one of the class of persons described therein) to enter in person on the land open to pre-emption, with the intention of availing himself or herself of its provisions ; to make and file with the register of the proper district, within thirty days next after the date of such entry and settlement, a written declaration of the intention to claim the land, and then inhabit and improve the same by erecting a dwelling thereon ; and he must further make proof of these things to the satisfaction of the officers of the land district, and payment within the specified period, in order to perfect the pre-emption right.  These things are rendered requisite and necessary to establish a valid pre-emption ; and a person failing to perform them within the specified time could not claim the benefit of the act.  As already observed, the complaint fails to show that Reed made a settlement in person upon the land, or that he filed his declaratory statement, or made improvements upon the property, or in other respects complied with the law.  Therefore, for aught that appears, his entry might have been invalid, and properly vacated and set aside by the commissioner.  And although it is afterwards stated that the entry was re-instated on the application of the plaintiffs, yet we do not think this cures the defective statement in regard to Reed's entry.  And since the plaintiffs acquire all their equities and rights in the property through this entry, it ought to appear that it was valid, and that Reed performed those acts necessary to be done to perfect his pre-emption right.  We therefore think the second ground of demurrer well taken.

The question as to how far courts of justice have power to examine a contested claim to a pre-emption right, and to review and reverse the decisions of the land officers made upon such claim, has been fully discussed upon this appeal.  It is claimed that the complaint shows that the patent was awarded to *Schneider* through a fraudulent contrivance and false sug-

gestion as to the citizenship of Reed, and that the relation between the parties was such, growing out of the occupancy of the premises, that a court of equity would go behind the patent and contol the title vested under it according to the real equities of the case. It is very evident that this question is not now before us, and we are therefore disinclined to express any opinion upon it.

*By the Court.*—The order of the circuit court overruling the demurrer is reversed, and the cause remanded for further proceedings.