[No. 14180.   Department Two. — September 25, 1891.]

JUAN DE TORO ET AL., APPELLANTS, v. ALFRED ROBINSON ET AL., RESPONDENTS.

PLEADINGS — INSUFFICIENCY OF COMPLAINT — MOTION FOR JUDGMENT AFTER ANSWER. — If a complaint fails to state a cause of action, and the defendants have answered, the defect may be taken advantage of by a motion of the defendants for judgment upon the pleadings, which, like a demurrer, admits for its purposes all the facts alleged in the complaint, and tests their sufficiency to show a cause of action.

TRUST — MEXICAN GRANT — FRAUD IN EXTENDING BOUNDARIES — INJURY TO PLAINTIFF'S RIGHT — PLEADING. — In an action to enforce a trust

against the holder of a legal title under a confirmed and patented Mexican grant, where the right of the plaintiff depends upon the equitable ownership of one of three contiguous tracts, the title to which had not been separately confirmed or patented, a complaint alleging that juridical possession of the three tracts had been given to plaintiff's predecessor in interest; that their exterior boundaries contained more than seventeen leagues; that two of the tracts, containing sixteen leagues, were sold and confirmed to the assignee by the land commissioners; and that the United States survey and patent thereof were fraudulently made to embrace more than seventeen leagues, — but failing to allege that the boundaries of the two tracts as surveyed and patented embraced any part of the third tract, — fails to state a cause of action.

ID. — WANT OF EQUITY — FAILURE TO PRESENT MEXICAN GRANT TO LAND COMMISSIONERS — PUBLIC LAND. — The complaint in such action shows no equity for the enforcement of any trust, since it alleges that the Mexican grant under which the plaintiffs claim their equity was never presented for confirmation to the land commission appointed under the act of Congress of March 3, 1851, section 13 of which provides that all such lands the claim to which shall not have been presented to the commissioners within two years after the date of the act shall be deemed public land of the United States.

ID. — PERFECT GRANT — JURIDICAL POSSESSION — CESSATION OF RIGHT. — The fact that the grant was perfect, or that juridical possession was delivered thereunder, does not take the case out of the operation of section 13 of the act of Congress of March 3, 1851, which applies to all Mexican grants, whether perfect or inchoate. The rights of the plaintiffs ceased under the unpresented grant after the expiration of the two years specified in the act, and they could not thereafter maintain any action to recover the land from one claiming title thereto under a patent from the United States.

ID. — FRAUD UPON GOVERNMENT — INCLUSION OF FORFEITED GRANT. — Fraud in extending the boundaries of a Mexican grant so as to include land in another Mexican grant claimed by third parties, which had become part of the public land of the United States because of the failure of the claimants to present it for confirmation under the act of Congress of March 3, 1851, is fraud against the United States alone, and the parties claiming under the forfeited grant cannot charge the patentees of the land so fraudulently surveyed and included in the patent as their trustees.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

*Frederic Hall,* for Appellants.

*E. W. McGraw,* for Respondents.

DE HAVEN, J. — This action is brought to obtain a decree that the plaintiffs are the owners in equity of a

certain named undivided interest in 50,444 acres of land within the tract called Los Coyotes, and that the defendants hold the legal title to such undivided interest in trust for them.  The defendants answered, and thereafter moved for a judgment upon the pleadings, which motion was granted, and judgment thereupon entered in favor of the defendants.  The plaintiffs appeal.

A motion for judgment on the pleadings, such as was made in this case, is proper when the complaint does not state a cause of action.  (*King* v. *Montgomery*, 50 Cal. 115; *Kelley* v. *Kriess*, 68 Cal. 210.)  This motion, like a demurrer for the same cause, admits for its purposes all the facts alleged in the complaint, and the question therefore to be considered on this appeal is, whether the complaint states a cause of action in favor of plaintiffs. The allegations of the complaint, so far as necessary to be stated, are, in substance, that the plaintiffs are the successors in interest of one Juan José Nieto; that upon July 27, 1833, José Figueroa, then governor of California, made a decree declaring said Nieto to be the owner of the places called Los Coyotes, Los Alamitos, and Palo Alto, in the county of Los Angeles, and directing juridical possession and title thereto to be given him; that these places were contiguous, and contained within their exterior boundaries more than seventeen leagues.

It is also alleged that the governor thereafter, on May 22, 1834, made a grant of Los Coyotes to said Nieto, containing ten leagues.  The complaint further alleges that one Abel Stearns acquired the right and title of said Nieto to the Los Alamitos, and obtained from the land commission a confirmation of an alleged grant of the same to said Nieto for six leagues.  It is also alleged that said Nieto conveyed Los Coyotes to one Leandry, as containing ten leagues, August 31, 1839; and in 1852, Andreas Pico and Mrs. Ocampo, successors of said Leandry, presented their petition before the land commission for the confirmation of Los Coyotes, containing ten leagues, and the same was confirmed.  It is also alleged that the patent was issued to them for this

rancho as containing *eleven* leagues, and one to Abel
Stearns for Los Alamitos, as containing *six* leagues, but
in fact containing an excess of 1,398 acres.

It is nowhere averred in the complaint that any for-
mal grant of or title to Palo Alto was ever made to Ni-
eto, unless the decree of July 27, 1833, can be construed
as such, and it is alleged that no grant of the same to
said Nieto, or to any other person, by " said José Figu-
eroa, . . . . or any other person authorized to make the
same, or by the Spanish or Mexican government, has
ever been produced before any commission or tribunal,
or public officer, authorized by the government of the
United States or of the state of California to ascertain
or settle land claims in said state under grant from the
Spanish or Mexican government."

The complaint further alleges that in proceedings for
the location and survey of Los Coyotes the said Abel
Stearns, for the purpose of obtaining a patent therefor
from the United States, and of defrauding the heirs and
devisees under the will of Juan José Nieto of one square
league of land, made false representations in a map pro-
duced by him as to the boundaries of Los Coyotes, and
thereby induced the district court to approve a survey
thereof as containing eleven leagues.

1. The motion for judgment on the pleadings was
properly granted.   It is clear from the allegations of the
complaint that Juan José Nieto, the ancestor of plain-
tiffs, conveyed in his lifetime his entire interest in the
places Los Coyotes and Los Alamitos; and if said Nieto
died possessed of Palo Alto, there is no direct averment
in the complaint that the boundaries of Los Coyotes and
Los Alamitos, as the same are given in the patents of
the United States therefor, include the place called Palo
Alto.   We understand this to be conceded by the attor-
ney for appellants; but he contends that though such
fact is not directly averred, still, it conclusively follows
that such is the case, from other facts which are averred.
If it should be assumed that a pleading which does not
directly allege a material fact, but from which only the

existence of such a fact may be argued, is sufficient as against a general demurrer, still, this complaint would not be good, as everything therein alleged may be true, and yet no part of Palo Alto have been included within the patented boundaries of Los Coyotes and Los Alamitos. The facts upon which appellants rely to support the complaint on this point are, that the three places only embraced seventeen leagues, and that two of them had been sold as containing sixteen leagues, and so confirmed, and that as the survey of those two was fraudulently made to embrace seventeen leagues and over, it must have been extended over the contiguous place called Palo Alto, but this excess could just as well have been taken from other contiguous territory, and there is certainly no presumption arising from anything stated in the complaint that it was not.

2. But if the complaint could be construed as contended for by appellants, still, it fails to state a cause of action, as it does not show that plaintiffs are the equitable owners of any portion of the lands in controversy. Whatever equities or rights the plaintiffs have arise out of the decree of Governor Figueroa dated July 27, 1833, declaring Juan José Nieto the owner of the places called Los Coyotes, Los Alamitos, and Palo Alto, and ordering juridical possession and title to be given him for the same; and as the complaint alleges that Nieto in his lifetime parted with his ownership of all the lands except Palo Alto, it follows that plaintiffs could only succeed to his ownership of that place. But it is expressly averred, as we construe the above-quoted allegation of the complaint, that the grant to Nieto of Palo Alto, if the above referred to decree of Figueroa be so considered, was never presented for confirmation to the land commission appointed under the act of March 3, 1851, to ascertain and settle private land claims in this state; and it is declared by section 13 of that act that "all lands the claims to which shall not have been presented to the said commissioners within two years after the date of this act shall be deemed, held, and considered as part of

the public domain of the United States." It has been held that this act, requiring claims to be presented to the commission therein provided for, applies to every claim "by virtue of any right or title derived from the Spanish or Mexican government," whether founded upon a perfect grant or on an "imperfect and inchoate claim, where the initiation of the proceedings necessary to secure a legal right and title to the property had been commenced, but not completed." (*Botiller* v. *Dominguez*, 130 U. S. 238.) And the court in that case say: "There can be no doubt of the proposition that no title to land in California dependent upon Spanish or Mexican grants can be of any validity, which has not been submitted to and confirmed by the board provided for that purpose in the act of 1851; or if rejected by that board, confirmed by the district or supreme court of the United States."

As no grant for, or other claim to, the place called Palo Alto was ever presented to the land commission appointed under the act of 1851 above referred to, it follows that at the end of two years from the date of said act the land embraced therein became a part of the public domain of the United States, and thereupon all rights of the appellants therein, as successors of Juan José Nieto, ceased. This being so, they cannot be heard to complain of the fraud alleged to have been perpetrated years afterward in the location and survey of the place called Los Coyotes, because such acts deprived them of no rights.

The fraud, if perpetrated as charged, was against the United States alone, and consisted in fraudulently extending the boundaries of Los Coyotes over a portion of the public domain. This is a matter, however, with which appellants have no concern, and which cannot aid them in this action, as it cannot be said that their right to acquire the title now held by defendants was interfered with, or that but for such alleged fraud they would or could have obtained the legal title to any portion of the land so fraudulently included within said Los Coyotes as patented, and for this reason

it must be held that they have not in their complaint stated a cause of action. This is a familiar principle, and the following are a few of many cases which might be cited to support it: *Burrell* v. *Haw*, 40 Cal. 376; *Durfee* v. *Plaisted*, 38 Cal. 80; *Houck* v. *Kelsey*, 17 Kan. 333; *Bohall* v. *Dilla*, 114 U. S. 47; *Dunn* v. *Schneider*, 20 Wis. 509.

We find no error in the record.

Judgment affirmed.

McFARLAND, J., and BEATTY, C. J., concurred.