(81 N. W. Rep. 50.)

---

## John J. Chilson *vs.* The Bank of Fairmount.

Opinion filed November 17, 1899.

**General Objection to Evidence for Insufficiency of Complaint.**

An objection to the introduction of any evidence in a case, upon

the ground that the complaint does not state sufficient facts to constitute a cause of action, is insufficient in not directing the attention of the trial court to the defect in the complaint upon which the party making the objection relies, and the overruling of an objection couched in that form is not, therefore, available error upon appeal.

**Consideration for Contract.**

The mere doing of an act which one is under legal obligation to perform does not furnish a consideration which will support a new contract.

Appeal from District Court, Richland County; *Sauter, J.*

Action by John J. Chilson against the Bank of Fairmount. Judgment for plaintiff, and defendant appeals.

Affirmed.

*W. E. Purcell,* for appellant.

*Freerks & Freerks,* for respondent.

Young, J. This action was originally instituted in a Justice's Court of Richland county, in which court the plaintiff secured a judgment. Defendant took an appeal to the District Court, where, upon a retrial upon the same issues and under the same pleadings, the plaintiff was again successful, and secured a verdict for the amount demanded in his complaint, and judgment was ordered and entered therein. A motion for a new trial was made and overruled. The motion was based upon a settled statement of the case, in which is embodied a specification of some thirty-six alleged errors of law occurring at the trial as the grounds of said motion. This appeal is from the order refusing to grant a new trial and from the judgment. In this court counsel for appellant urges but a portion of the alleged errors as grounds for asking that the judgment of the District Court be reversed. These only will be considered.

It is necessary, first, to ascertain what the issues were which were submitted for the determination of the jury, in order to properly consider the errors which are urged as having occurred at the trial of the case. The complaint, in substance, alleges that in the year 1893 the plaintiff was the owner of a certain quarter section of land in Richland county; that he executed a mortgage thereon to one A. C. Waterman, to secure an indebtedness to the latter of $600; that thereafter, to further secure such indebtedness, he executed and delivered to the said Waterman a quitclaim deed to said premises, upon the agreement and understanding that, upon the payment of the debt secured, the land was to be reconveyed to plaintiff; that the defendant had knowledge and notice of such agreement; that on May 14, 1898, thereafter, the said Waterman executed and delivered a quitclaim deed of said land to one Cox, the defendant's cashier; that at the time of the conveyance from said Waterman to defendant there was an agreement entered into

between plaintiff and defendant that said defendant would reconvey to plaintiff upon payment to it of the sum due upon the Waterman mortgage, in pursuance of the original contract between plaintiff and Waterman, and, further, that, pending such redemption, the plaintiff was to pay a reasonable rent for the land, and that such sums as should be paid as and for rent were to be refunded in case the mortgage debt should be paid; that in October, 1898, the defendant received as rent the sum of $105; that defendant then again agreed in writing to refund the sum so paid upon payment of the mortgage debt; that on December 5, 1898, the plaintiff paid to the defendant the sum of $728, the amount due upon the mortgage debt, and demanded payment of the $105 received by defendant as aforesaid, and was refused. The answer denies that the plaintiff has been the owner of the land in question at any time since November 10, 1893, and alleges that on that date the plaintiff conveyed his entire interest therein to A. C. Waterman; that the said Waterman, as absolute owner thereof, conveyed the same to the defendant on May 14, 1898, by quitclaim deed; and denies both knowledge or notice of the agreement alleged in the complaint, and avers that the defendant was thereafter the absolute owner in fee simple of said premises. Defendant admits the payment of $80 upon rent, but denies the payment of any greater sum, and denies that it ever agreed to refund such payments. Further answering, the defendant alleged that on December 1, 1898, it was agreed between the plaintiff and defendant that, if plaintiff would furnish a purchaser for said land who would pay defendant the amount of the mortgage debt, the plaintiff might have all of the money realized above that required to pay the debt; that the plaintiff did furnish a purchaser, one Houston, to whom defendant delivered a conveyance of said land, and from whom it received the amount of mortgage debt, to-wit: $728; that the deed so executed and delivered to Houston was based upon the consideration of the sum so paid, and plaintiff's agreement that defendant might retain in addition thereto the $105 theretofore received as rent. Briefly, plaintiff's position is that it paid to the defendant $105, which sum the defendant agreed to repay upon payment of the mortgage debt, and that said debt was paid. Defendant's position is that plaintiff agreed that it might keep the $105 as part consideration for the deed to Houston. Upon these issues as framed by the pleadings the case was tried to a jury, with the result before stated.

Counsel's first assignment is that the court erred in not sustaining an objection which was made at the opening of the trial, and after the first witness was sworn. The objection was as follows: "The defendant objects to the introduction of any evidence in this case, for the reason that the complaint fails to state facts sufficient to constitute a cause of action." This objection to the evidence, which was about to be offered in support of the complaint, was wholly insufficient, in that it in no manner directed the attention of the trial court or opposing counsel to the particular ground of the

objection, or to any particular defect in the complaint, and the overruling of such objection is not, therefore, available as error; for it is essential to a review of alleged errors in the admission of evidence that the particular grounds of the objection shall have been disclosed to the trial court and ruled upon. In this connection, Thompson on Trials (section 693) states the rule, and the reason therefor, correctly, as follows: "Where evidence is objected to at the trial, if the party would save an exception to the ruling of the court if adverse to him, such as will be available on appeal or error, he must frame his objection so as to bring to the attention of the trial court the specific ground upon which he predicates it, and this must be stated in his bill of exceptions. He waives all grounds not so specified. The reason of the rule is twofold: (1) To enable the trial judge to understand the precise question upon which he has to rule, and to relieve him from the burden of searching for objections which counsel is unable to discover, or which he sees fit to conceal; (2) to afford the opposite party an opportunity to obviate it before the close of the trial, if well taken,"—and citations. See, also, *Bowman* v. *Eppinger,* 1 N. D. 21, 44 N. W. Rep. 1000. We may add, however, that the complaint does state a cause of action, and counsel does not seriously contend that it does not.

At the close of plaintiff's testimony, defendant asked for a directed verdict, on the ground that the evidence was insufficient to establish a cause of action, which motion pointed out the particulars wherein the evidence was claimed to be insufficient. This was overruled, and is assigned as error. The same motion was made at the close of all of the evidence, and the same ruling made. These rulings were not erroneous. There is substantial evidence upon every point necessary to a recovery by plaintiff.

Counsel for defendant requested the following instruction: "In any event, whether the deeds from Chilson to Waterman, and from Waterman to Cox, were mortgages or not, so long as they were of record as deeds, and not mortgages, and it would require an action in court to declare such deeds mortgages and to permit Chilson to redeem, the making of the deed by Cox to Houston, at Chilson's request, was a sufficient consideration for the retention of the money involved in this action by the defendant bank." The refusal to give this instruction was not error. Counsel for defendant correctly states in his brief that "the only question, under the pleadings and under the evidence, is whether the defendant had promised to repay to the plaintiff a certain sum of money." It must be apparent that, if plaintiff performed the conditions entitling him to a repayment of the $105 and to a conveyance, namely, the payment of the mortgage debt, the execution and delivery of the deed by the bank was merely the performance of its obligation and legal duty to do so, and that the doing of that which it had legally bound itself to do could not furnish a consideration for the exaction of a greater sum of money than theretofore agreed upon. On this, Bishop, in his work on Contracts (section 48), says: "One, by undertaking to do or

by doing what the law or a previous agreement requires of him, merits nothing, and it is not a consideration for anything." *Roberts v. Bank*, 8 N. D. 474, 79 N. W. Rep. 993.

Counsel also complains of a long examination of the cashier, Cox, conducted by the trial judge, which had for its purpose the elicitation of the fact that the defendant bank had knowledge and notice of the agreements which existed between Waterman and Chilson when it obtained the quitclaim deed. We find no error in the examination conducted by the court, requiring a review in detail. The evidence elicited was competent, and was relevant to the issues made by the pleadings. A presiding judge may interrogate witnesses for the purpose of developing the true facts in a case, regardless of the effect it may have upon the interests of either party. The questions so propounded should, however, be such as are suggested by the evidence given on the trial. Thomp. Trials, § 355. The examination here in question was, we think, within the above rule.

The charge of the court embodied, at considerable length, an exposition of certain legal principles applicable to a determination of whether a deed in form is so in fact or is in effect a mortgage, with particular reference to the deed given by plaintiff to Waterman. The law relating to notice was also given at length. The giving of these instructions is assigned as error. Counsel does not challenge the correctness of the abstract legal principles announced in the instructions complained of, but urges that they were misleading and prejudicial, in diverting the attention of the jury to questions which were not in issue. This objection is not tenable upon the record, for it appears that a square issue existed, both in the pleadings and in the evidence, as to the nature of the transaction between the plaintiff and Waterman, and as to the extent of defendant's knowledge thereof, and these precedent facts were material to aid the jury in determining whether the agreement to repay the $105 was or was not made. The remaining assignments are disposed of by those already considered. Finding no error in the record, the judgment of the District Court is affirmed. All concur.