[L. A. No. 15167. In Bank.—July 1, 1935.]

PACIFIC FINANCE CORPORATION (a Corporation), Respondent, v. FIRST NATIONAL BANK OF PUENTE, CALIFORNIA (a Corporation), Appellant.

Harry J. McClean for Appellant.

John L. Rush and Gene G. Curry for Respondent.

PRESTON, J.—Plaintiff, as the payee of a draft or bill of exchange drawn by the defendant, presented it to the drawee for payment but was refused and, after protest, this action was begun for its face value. The amount of the draft was $9,702.28 but the parties stipulated that in the event of judgment for the plaintiff the true amount should be $4,902, with interest and costs. The court made findings in favor of plaintiff and gave judgment for the stipulated amount. Defendant has appealed upon a full record.

The facts necessary to a determination of the dispute are without conflict. They are to the effect that plaintiff held a chattel mortgage upon the dairy herd of one Houston and

wife. Defendant, intending to take a mortgage upon said chattels, and as the agent of the mortgagor, on October 8, 1930, wrote the plaintiff requesting that the note and mortgage and a proper release thereof be sent to it for collection. On October 9, 1930, plaintiff responded advising defendant it would not send the instruments "before they are paid in full", further stating the amount due and the rate of interest, and then saying, "upon the payment of this amount we will immediately send you all necessary papers, together with releases". On October 17, 1930, defendant replied enclosing the above-mentioned draft or bill of exchange and requesting plaintiff to forward the releases and other papers to it. Within less than an hour after mailing this draft defendant experienced a change of mind for some undisclosed reason, and sought eagerly to procure the letter and its contents from the postoffice but failed in this effort. It immediately phoned plaintiff and asked it to return the bill of exchange to which request plaintiff responded over the phone as follows: "In reply I said I would look into it, that I saw no reason why it should not be returned." On arrival of the draft plaintiff did not return it but instead proceeded to execute a release and to transmit it and the other incidental papers to defendant, who returned them by the next mail in a letter recounting its position. Contemporaneously with the execution of said release plaintiff attempted to collect the proceeds of the bill of exchange or draft and ascertained at that time that defendant had stopped payment thereon; hence this suit.

Plaintiff seeks to sustain the judgment upon the ground that the letter of October 9th constituted a counter offer which was accepted by defendant's letter and draft of October 17th and became a binding contract between the parties when the documents were placed in the course of transmission by the defendant and as a result the acceptance became irrevocable. (Secs. 1582, 1583, Civ. Code.) Appellant's position seems to be that the letter of October 9th was not an offer but that the letter of October 17th was an offer, not an acceptance, and being an offer could be revoked at any time before acceptance by plaintiff. Its further contention is that if the letter of October 9th be treated as an offer and the letter of October 17th as an acceptance, nevertheless the right of revocation existed be-

fore the actual collection of the proceeds of the draft. Lastly, it contends that defendant was acting as agent for the mortgagor and for that reason there was no consideration for its promise to pay.

It seems to us, however, that the controlling question lies a bit deeper than either or any of these propositions. The letter of October 9th clearly specified that plaintiff would not release unless and until the note and mortgage were paid in full. No contention is made that the obligation is not due and payable. It was not a proposal to sell and transfer the mortgage to defendant but was merely an offer to release upon payment in full and a discharge thereby of the obligation. Is such a promise of sufficient vitality to constitute a valid consideration for the promise made by the defendant? We do not think it is any more than a promise to do what the law requires. Plaintiff, therefore, hazarded nothing by tendering such a promise. If this be so, defendant cannot be held on its promise. Payment having been stopped upon the draft, plaintiff is without standing in court to enforce its payment.

The case of *Sullivan* v. *Sullivan*, 99 Cal. 187 [33 Pac. 862], seems clearly in point. Michael Sullivan died having a life insurance policy in which his widow was the beneficiary. John Sullivan claimed he had furnished to his brother some $854 to pay premiums on said policy. The plaintiff, Frank Sullivan, as the executor of the will of John Sullivan, then deceased, had in his possession the policy. He exacted from the widow a written promise to pay this debt of her husband in consideration of his finding and delivering the policy to her. She refused to carry out this agreement and the court said: ''The only consideration expressed in the agreement, other than the alleged moral obligation, is plaintiff's promise to look for, find, and surrender the policy. This it was his duty to do, on demand of defendant, without compensation. After the maturity of the policy by the death of her husband, if not before, the defendant was entitled to the possession of it, unless the plaintiff, in his character of executor, had a lien on it. Whether the finding of the policy among the papers of the estate required more or less labor must have depended upon the degree of care or negligence with which the plaintiff had kept it, for which the defendant was not responsible; but

it does not appear why a search of more than ten minutes was necessary to find it. It is well settled that neither a promise to perform a duty, nor the performance of a duty, constitutes a consideration of a contract." This holding has been approved. (*Weidner* v. *Zieglar*, 218 Cal. 345, 351 [23 Pac. (2d) 515].)

A case very similar in its facts to the instant case and relating to the release of a mortgage is *Chilson* v. *Bank of Fairmount*, 9 N. D. 96 [81 N. W. 33, 35], where the bank agreed to reconvey under an instrument intended to be a mortgage, upon the payment to it of certain rentals by the debtor. The rentals were paid and after the mortgage was satisfied, the debtor sued for a return of the rentals. The defendant defended upon the ground that the agreement to reconvey was a sufficient consideration for retaining the rentals received. This position was held untenable. The court said: "It must be apparent that, if plaintiff performed the conditions entitling him to a repayment of the $105 and to a conveyance, namely, the payment of the mortgage debt, the execution and delivery of the deed by the bank was merely the performance of its obligation and legal duty to do so, and that the doing of that which it had legally bound itself to do could not furnish a consideration for the exaction of a greater sum of money than theretofore agreed upon. On this, Bishop, in his work on Contracts (sec. 48), says: 'One, by undertaking to do or by doing what the law or previous agreement requires of him, merits nothing, and it is not a consideration for anything.' "

For a further discussion of this principle, see Restatement of the Law of Contracts, volume 1, section 76a, page 83; 13 Corpus Juris, page 351, section 207; Page on Contracts, volume 1, section 585; Williston on Contracts, volume 1, section 132, page 291; Parson on Contracts, 9th edition, page 474.

The findings in favor of plaintiff for the above reasons are unsupported by the record. The judgment is reversed with directions to the court below to proceed with a disposition of the cause consistent with the holding here announced.

Curtis, J., Langdon, J., Shenk, J., Thompson, J., and Waste, C. J., concurred.

Rehearing denied.