[Civ. No. 8677. Third Dist. Feb. 29, 1956.]

## C. P. HENRY, Appellant, v. LAKE MILL LUMBER COMPANY (a Copartnership) et al., Respondents.

Clewe, Blade & McDonald and Clewe & Blade for Appellant.

Willens & Boscoe, Nathan M. Dicker and Albert L. Wagner for Respondents.

PEEK, J.—This is an appeal by plaintiff from a judgment in favor of defendants in an action for damages for the alleged breach of an option agreement for the sale of lumber.

The defendant Lake Mill Lumber Company was a copartnership consisting of the defendants Margolis, Caplan and Novick. In 1950 the partnership leased from the Placerville Lumber Company a mill in El Dorado County. During the spring of that year, the partners became financially involved and were unable to continue operation of the leased mill without financial assistance. The plaintiff Henry was engaged in the business of buying and selling lumber and was aware of these facts. By a purchase order dated June 20, 1950, executed by Caplan and Margolis, and by a purchase order dated June 23, 1950, executed by Caplan only, the partners agreed to sell a specified amount of lumber at a specified price to plaintiff who agreed to pay each Thursday for all lumber

cut during the preceding week. At the time of the June 20 order, plaintiff advanced the sum of $3,000, and, prior to the delivery of any lumber, advanced the further sum of $2,000. Thereafter, on August 3, 1950, a purchase order was executed by Caplan and Margolis by which the entire season's cut of pine lumber was sold to plaintiff who agreed to pay for the same on a weekly basis as in the two previous purchase orders.

On September 8, 1950, with only approximately a month left in the season, an attachment was levied upon the property of the partnership for its indebtedness to the Placerville Lumber Company. At that time, Caplan was in charge of the mill. In order to continue operations he executed on behalf of the partners an assignment, by the terms of which they assigned to the Placerville Lumber Company the total amount of its claim out of any moneys then due or which might thereafter become due to the partnership from plaintiff and directed that he pay the Placerville Lumber Company $5,000 every Thursday until its claim was paid. On the same document, but under date of September 20, Caplan further directed plaintiff to pay the Placerville Lumber Company the sum of $3,000 for deposit on timber stumpage, said sum to be in addition to the amounts included previously and to withhold that sum from moneys becoming due the partnership on further production. On September 20 Caplan, in order to secure funds to cover payroll checks previously issued by him, executed on behalf of the partnership and delivered to plaintiff a written option for the entire 1951 season's production under the same terms as the June 20 and August 3 purchase orders. However, no time limit was set forth within which plaintiff might exercise the rights granted.

Here it should be noted that by his original verified complaint, plaintiff alleged that on February 2, 1951, defendants withdrew the option; that on April 12, 1951, plaintiff notified defendants of his election to exercise the same; that plaintiff's first amended complaint set forth identical allegations; that plaintiff's final "AMENDMENT TO AMENDED AND SUPPLEMENTAL COMPLAINT . . ." alleged the withdrawal by defendants as previously charged, and, contrary to the allegation in both his original and first amended complaints, alleged that he had notified defendants, at various times prior to the date of their withdrawal, of his election to accept the option. The amended and supplemental complaints further alleged that the option agreement of September 20 was in accordance with the oral agreement of September 8 which included plaintiff's promise

to pay the Placerville Lumber Company $5,000 weekly until its claim was fully paid, and the further consideration for said option was plaintiff's promise to pay Placerville Lumber Company an additional sum of $3,000, all of which was denied by defendants.

It is apparent from the pleadings and the evidence as summarized that if there is support for the finding of the trial court that the option was without consideration, thereby resulting in a mere offer which could be withdrawn at any time prior to its acceptance, and that it was so withdrawn, the additional contentions of plaintiff are wholly immaterial to a determination of his appeal and the decision of the trial court must be affirmed.

■ The record as regards the question of consideration shows that on September 20, the date of the alleged option, plaintiff was in arrears in the agreed weekly payments set forth in the purchase orders of June 20 and June 23. Under such circumstances his promise to do that which he was already bound to do was not a ". . . benefit conferred, or agreed to be conferred, upon the promisor, by any other person, to which the promisor is not lawfully entitled, or any prejudice suffered, or agreed to be suffered, by such person, other than such as he is at the time of consent lawfully bound to suffer, as an inducement to the promisor, . . ." (Civ. Code, § 1605; see also *Pacific Finance Corp.* v. *First Nat. Bank,* 4 Cal.2d 47 [47 P.2d 460].)

■ It is equally well established that, " 'An agreement for an option not based upon consideration is simply a continuing offer which may be revoked at any time.' " (*Kelley* v. *Upshaw,* 39 Cal.2d 179, 191 [246 P.2d 23].) Here the finding of the trial court that the offer was revoked prior to its acceptance is sustained by substantial evidence.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.

A petition for a rehearing was denied March 30, 1956, and appellant's petition for a hearing by the Supreme Court was denied April 25, 1956.