[Filed at Pendleton, May 20, 1889.]

ALBERT HINDMAN, Respondent, *v.* OREGON RAILWAY AND NAVIGATION COMPANY, Appellant.

The Act of 1887, Found in the Code of Miscellaneous Laws, from and including section 4044 to and including section 4049, which provides, in effect, that a railroad company owning or operating a railroad in this state shall be liable for the value of stock killed, and for reasonable damages for stock injured upon or near any unfenced track of its road, whenever such killing or injury is caused by any moving train, engine, or cars upon such track; that in every such action for the recovery of such value for stock so killed, or for damages for such injury for the same, proof of the killing or injury shall of itself be deemed and held to be conclusive evidence of negligence upon the part of the company; that contributory negligence on the part of the plaintiff in such action may be set up as a defense; but that the allowing of stock to run at large upon common unfenced range, or upon inclosed land owned or in the possession of the

owner of such stock, shall not be deemed or held to be such contributory negligence, — entitles an owner of stock to recover against a railroad company for such killing or injury of the same, by alleging and proving that the company owned or operated the railroad, that its track was unfenced, and that the killing or injury was done on or near the track, by a moving train, engine, or cars upon such track; and it is not necessary, in an action in such a case, for the plaintiff to allege negligence on the part of the company in any form. Fencing the railroad track is not imposed upon the company as a duty, but the track being unfenced is a fact which of itself establishes conclusively that the company was guilty of negligence; and the only defense the company has is to plead contributory negligence upon the part of the plaintiff, or a willful intent on his part to procure the killing or injury to be done. Said act does not, however, relieve the owner from the duty of keeping his stock within reasonable confines. He owes a duty to the public, which requires him to use reasonable efforts to prevent it from going where it will imperil the safety and security of persons and property; and while he is allowed to depasture his horses and cattle upon "the common unfenced range" without being chargeable with contributory negligence in case they are killed or injured as mentioned, yet he is not permitted to turn them out to roam wherever their instincts incline them.

WHERE H., THEREFORE, BROUGHT AN ACTION against the Oregon Railway and Navigation Company, a railroad corporation, for the recovery of the value of a certain bull, which he alleged was killed upon the railroad track of the latter by being run against and over by the company's train of cars at a place where the track was unfenced, and the company filed an answer to the effect that H. knowingly allowed the bull to range at large outside of his inclosure and upon the railroad track; that the bull was so at large in violation of section 3393 of the laws of Oregon; that the animal was there struck and killed by the company's locomotive; and that the killing was the result of the wrongful and unlawful act of H. in so allowing it to so range at large outside of the inclosure of H.: *held,* that it constituted a good defense, whether the bull was at large in violation of said section 3393 of the laws of Oregon or not, that the facts set forth in the answer showed contributory negligence on the part of H., and that the sustaining of the demurrer thereto by the lower court was error.

APPEAL from a judgment of the Circuit Court for the county of Baker.

The respondent herein commenced an action in the justice's court for Baker precinct, Baker County, against the appellant, a private corporation engaged in operating certain railroads in this state, to recover damages. He

alleged in his complaint, in substance, that on the twenty-second day of April, 1888, he was the owner of a certain bull of the value of one hundred dollars; that said bull, without his fault, went upon the track and ground occupied by the appellant's railroad, in said county of Baker, at a certain point where it was wholly unfenced and uninclosed; that the appellant, by its agents and servants, not regarding its duty in that respect, so carelessly and negligently ran and managed its locomotives and cars that the same ran against and over the said bull, and killed it; for which the respondent demanded judgment for his damages in the sum of one hundred dollars and costs. The appellant filed an answer to the complaint, denying, upon information and belief, the value of the bull; denying that he went upon the track or grounds occupied by the appellant's railroad without the fault of respondent, but alleged that he went there through his fault and negligence; denied that, by its agents or servants, or at all, it carelessly or negligently ran or managed said locomotives or cars, or that it managed or ran them so carelessly or negligently that the same ran against or over said bull, or killed it; denied that it, by its agents or servants or otherwise, disregarded its duty in respect to its management of said locomotives or cars; denied that by reason of any careless or negligent act of appellant, respondent had been damaged in any sum. The appellant, for a further and separate defense, alleged that the respondent, being the owner of the said bull, knowingly allowed it to range at large out of his inclosure, out and upon the said tracks of appellant, at a time in the complaint stated, in violation of the provisions of section 3393 of the laws of Oregon, when said bull was struck and killed by its said locomotive; and alleged that said killing was due to the said wrongful act and conduct of the respondent, in so knowingly allowing said bull to so range at large out of

his inclosure.  The respondent demurred to the new matter of defense set forth in the answer, upon the ground that it did not constitute a defense to the cause of action stated in the complaint, which demurrer the court sustained.  The action was tried before the justice, who rendered a judgment therein in favor of the respondent and against the appellant for the sum claimed in the complaint and the costs of the action.  The appellant took an appeal from the judgment of the justice to said circuit court. The demurrer to the matter of defense set forth in the answer, having been argued by counsel in the circuit court, was sustained by said court, whereupon the issue of fact joined in the action by the said pleadings, aside from the part of the answer so demurred to, were thereupon tried by a jury, who returned a verdict for the respondent for the sum of $37.50, upon which the judgment appealed from to this court was entered.

*Rufus Mallory*, for Appellant.

*C. W. Manville*, for Respondent.

THAYER, C. J.—It appears from the bill of exceptions settled and signed by the circuit judge, and filed with the transcript in the case, that the bull in question, being upon the appellant's railroad track, was run over and killed by its train of cars that were regularly running upon its road.  It does not appear, nor is it claimed by the respondent's counsel, that the appellant's agents or servants who were operating the train at the time of the casualty were guilty of any negligence in its management.  The train was a freight train consisting of about twenty cars; it was on a down grade, when the bull and two steers were discovered upon the track, and those having control of it evidently did all in their power to avoid running over the animals; the two steers ran off the track,

but the bull staid on it until struck by the locomotive. The consequence resulted very seriously; the engine and some of the cars were thrown off the track, and the engineer and fireman both killed. The value of the bull, as compared to the destruction of property and loss of life in consequence of his being upon the railroad track, where the respondent had no right to suffer him to be, whether it was fenced or not, is very slight and inconsiderable.

The bill of exceptions shows that the appellant's railroad track was not fenced at the place where the bull was on the same when run over; and the counsel for the respondent bases his right to a recovery in the action upon that fact. The liability of a railroad company for killing or injuring cattle upon its track arose heretofore out of negligence committed by the company in consequence of which the injury was done.

There could be no recovery in such a case without an allegation and proof that the company was guilty of violating some duty it owed to the public, and that the injury and damage complained of resulted from its failure to perform it, and a recovery could not then be had if it appeared that the plaintiff was also guilty of negligence which contributed to the injury.

An owner of cattle who allowed them to run at large and stray upon a railroad track was formerly deemed guilty of such a degree of negligence as would defeat his right to recover in consequence of their being run over and killed, unless he could show that the agents and servants of the company acted wantonly, willfully, or recklessly in the affair. Permitting stock to go at large and stray upon a railroad track, where they would be liable to throw a train of cars off the track, and kill and injure passengers and destroy property, was regarded as gross neglect upon the part of such owner.

The legislature, however, has somewhat innovated upon

that rule, by adopting the provisions contained in sec-
tions 4044 and 4048 of the Code of Miscellaneous Laws of
Oregon.   These two sections, taken together, provide, in
effect, that a railroad company shall be liable for the
value of stock killed, and for reasonable damages when
injured, upon or near any unfenced track of its road,
whenever such killing or injury is caused by any moving
train, engine, or cars upon such track; and that in every
action for the recovery of such value for stock so killed,
or for damages for such injury to the same, the proof of
the killing or injury shall of itself be deemed and held to
be conclusive evidence of negligence upon the part of
the company; but contributory negligence on the part of
the plaintiff in such action may be set up as a defense.
The allowing of stock to run at large, however, upon
common unfenced range, or upon inclosed land owned
or in possession of the owner of such stock, shall not be
deemed or held to be such contributory negligence; and,
in any such action, proof of willful intent on the part of
the plaintiff to procure the killing or injury of any such
stock in the manner aforesaid shall defeat the recovery.
Under these provisions, it would seem that a plaintiff is
entitled to recover against a railroad company for the
killing or injury of his stock, by alleging and proving
that the company owned or operated the railroad; that
its track was unfenced; and that the plaintiff's cattle or
horses were killed or injured, as the case might be, on or
near the track, by a moving train, engine, or cars upon
such track; that the company will be able to defeat the
recovery by proof of contributory negligence on the part
of the plaintiff; but that allowing the animals to run at
large upon common unfenced range, or upon inclosed
land owned or in possession of the owner of such animals,
will not be deemed or held to be such contributory negli-
gence.

The statute makes the killing or injury of stock in such case conclusive evidence of negligence upon the part of the railroad company, and I do not see that it is necessary for the plaintiff to allege negligence in any form. Fencing the railroad track is not imposed upon the company as a duty, but it is a fact which of itself establishes conclusively that the company is guilty of negligence; and the only defense left to the company is to plead contributory negligence upon the part of the plaintiff, or a willful intent upon his part to procure the killing or injury.

As to what will constitute contributory negligence in such a case must be determined by the courts. The statute has not attempted to settle that question further than to provide that allowing stock to run at large upon common unfenced range, or upon inclosed lands owned or in possession of the owner of the stock, will not be deemed or held to be such negligence. This clause of the statute must receive a reasonable construction; it must be construed like all innovations upon the rules of the common law. The old law, the mischief which the legislature is supposed to have had in view, and the remedy applied to correct it, must be considered. Enacting a provision that the allowing of stock to run at large upon common unfenced range shall not be deemed or held to be contributory negligence, does not certainly imply that its owner may allow it to roam wherever its propensity may influence it to go uncontrolled and uncared for; and that the owner is entitled to recover its value if it goes upon a railroad track and is run over by a train of cars.

The legislature evidently did not undertake to relieve the owners of horses and cattle from the duty of keeping them within reasonable confines, although turned upon "the common unfenced range." The owners of such stock owe a duty to the public,—the duty of keeping it

away from localities in which it imperils the security and safety of persons and property. The legislature may not have intended by the act that such owners should employ herdsmen to constantly attend upon their stock and keep it within definite bounds, nor did it intend to permit them to turn their stock out to wander over the country generally. Where the owner exercises proper care in such cases to keep his horses and cattle within reasonable limits, and away from unfenced railroads, and they escape from his control, and go upon the track thereof, and are run over by "any moving train, engine, or cars," it could not be claimed that he was guilty of contributory negligence; but, on the other hand, if he allowed such animals to range wherever their instincts inclined them, and knowingly permitted them to go upon said railroad tracks, he would, in my opinion, be guilty of such a degree of negligence as would preclude his right of recovery for their value if run over and killed by rail-cars.

If I am correct in this view, then the defense of new matter set up by the appellant was a good defense, whether the bull in question was at large in violation of said section 3393 of the laws of Oregon or not. It was sufficient that the respondent knowingly allowed the brute to range at large outside of the inclosure, and upon the appellant's railroad track, to defeat the alleged right of action; it was clearly contributory negligence. A railroad company is doubtless liable, under the statute, for running its cars over cattle which go upon the track without the owner's fault, where the track is unfenced, as where the cattle escape from the range or from the inclosure where they are kept; but it certainly cannot be held liable for so running over them where the owner knowingly allows them to range upon the track, unless the conduct of the agents or managers of the train has been wanton or reckless in the affair. Knowingly allowing the cattle to range upon

the track, where they necessarily expose the lives and safety of the traveling public to constant danger, is, according to my notion, the highest degree of negligence upon the part of the owner, and should be regarded as contributory to the injury. The justice of the peace and the circuit court, in sustaining the demurrer to the new matter of defense set up in the answer, committed error, for which the judgment appealed from must be reversed; and as the case stands, this decision is conclusive against the respondent's right of recovery therein.

The facts set forth in the answer as a defense may not be true, but the respondent, by demurring thereto, admitted their truth. The circuit court, as I understand the rule, had no alternative but to sustain the demurrer, or to determine the case in favor of the appellant, as that court, upon appeal from the judgment of a justice's court, has no discretion except to try the case upon the issues as made up in the justice's court.

The case, therefore, has to be remanded to the said circuit court, with directions to overrule the demurrer to the answer and render judgment upon the pleadings in favor of the appellant for costs, and that the respondent take nothing by his complaint.