[Argued Dec. 5, 1892; decided Jan. 9, 1893; rehearing denied Jan. 23, 1893.]

## A. E. CURRIE *v.* SOUTHERN PACIFIC CO.

[ S. C. 31 Pac. Rep. 964.]

NONSUIT.— The right to take a nonsuit remains with the plaintiff throughout the entire proceeding.

NONSUIT AFTER TRIAL— CODE, ₰ 246.— Under section 246, Hill's Code, which provides that a nonsuit may be taken by plaintiff at any time before trial unless a counter-claim has been pleaded as a defense, the plaintiff may have a nonsuit after an appeal from a justice's court to the circuit court, and a reversal by the supreme court, since the case then stands for trial *de novo* at the circuit, as if no proceeding had been had in that court.

NONSUIT BEFORE TRIAL— CODE, ₰ 246.— Neither the proceeding in a justice's court, nor the proceeding in the circuit court on appeal, where the judgment is reversed by the supreme court, is a "trial" under subdivision 1 of section 246, Hill's Code.

JUDGMENT ON THE PLEADINGS.—A motion for judgment on the pleadings is not in harmony with the spirit of the Oregon Code, and will not be favored. *Bowles* v. *Doble*, 11 Or. 480, approved.

Linn County: REUBEN P. BOISE, Judge.

Action by A. E. Currie against the Southern Pacific Company, in a justice's court, to recover damages for negligently killing one of plaintiff's horses. On appeal to the circuit court an amendment was allowed, which changed the issues tried in the justice's court, for which the case was reversed in the supreme court: 21 Or. 566 (28 Pac. Rep. 884). The circuit court allowed plaintiff to take a nonsuit, whereupon defendant brought this appeal. Affirmed.

*Albert H. Tanner (John H. Mitchell* on the brief), for Appellant.

*George E. Chamberlain,* for Respondent.

LORD, C. J.— This was an action to recover damages, brought by the plaintiff against the defendant in a justice's court. The answer, after making the usual denials, sets up a separate defense, which was stricken out on motion, whereupon the cause proceeded to trial upon the issues

joined, and the judgment went for the plaintiff.    The defendant appealed to the circuit court, where the motion to strike out the separate defense was re-argued and overruled, and the plaintiff allowed to file a reply thereto. The cause was then tried upon the issues so joined, and a judgment rendered for the plaintiff.    An appeal was taken to this court, and the judgment of the circuit court reversed, on the ground that the court erred in allowing plaintiff to file a reply in the circuit court, and the cause was remanded for further proceedings: *Currie* v. *S. P. Co.* 21 Or. 566 (28 Pac. Rep. 884).    The plaintiff thereupon filed a motion for nonsuit, and the defendant filed a motion for judgment for want of a reply.    The two motions were presented together, and the court overruled the motion for judgment and allowed plaintiff's motion for a nonsuit.

The only questions now presented are: *First*, did the court err in overruling defendant's motion for a judgment on the pleadings, and refusing to enter judgment for want of a reply; and, *second*, did the court err in sustaining and allowing plaintiff's motion for nonsuit.    As already disclosed, the failure of the plaintiff to file a reply to the separate defense was not because he confessed or admitted it, but because of the ruling of the court upon a question of law.    Upon the questions presented, both the justice's and circuit court erred, which prevented the plaintiff from prosecuting his action, because the issues were not made up.    When the cause was remanded, it was to be tried *de novo;* it was put back in the same position that it was before the mistake.    The case stood then, owing to the error in the ruling, without a reply.    There had been a mistake, as this court held, but when the judgment was reversed and the cause remanded, it stood on the docket as though no proceedings had been had therein.    It was there precisely for trial *de novo* as it came from the justice's court, and the plaintiff could either take a nonsuit or take the consequences of any further proceedings.

XXIII. OR.— 26.

The Code provides that a nonsuit can be taken by the plaintiff at any time before trial, unless a counter-claim has been pleaded as a defense: Hill's Code, § 246. At common law the plaintiff might take a nonsuit, as of right, at any time in the progress of the trial he might prefer, and thereby reserve to himself the power to bring a fresh action for the same subject matter; and this right continued until after the verdict was rendered, but ended with the entry of the judgment: 16 Am. & Eng. Enc. 723. Nonsuits are classed under two divisions: (1) Involuntary, as when ordered by the court against the plaintiff's objection; (2) voluntary, when allowed by the court on the plaintiff's own motion: *Washburn* v. *Allen*, 77 Me. 344; *Hammergen* v. *Schuermier et al.* 1 McCrary (U. S.) 436 (3 Fed. Rep. 77). And it has been uniformly held that a voluntary nonsuit will not deprive a plaintiff of his right to try the case a second time, when, with more favorable conditions, he may attain greater success than in the first case. This explains why nonsuits are so frequent. It has been well said that a "nonsuit is like the blowing out of a candle, which a man at his own pleasure may light again": 16 Am. & Eng. Enc. 730; Freeman, Judg. § 261. While there is some difference in the practice of the states, in many it is provided, as in Oregon, that a nonsuit may be taken at any time before the trial. As the case stood, no trial had been had when the nonsuit was asked by the plaintiff and allowed by the court. BLACK, J., said that "there is no case which decides that the plaintiff may not become nonsuited on his own motion, or that he may not, if he pleases, discontinue or withdraw his action": *Blair* v. *McLean*, 25 Pa. St. 75. Since the plaintiff had the right to take a nonsuit so as to prevent an adjudication on the merits, and to enable him to begin over again if he so desired, no right of the defendant was denied.

It was said in *Bowles* v. *Doble*, 11 Or. 480 (5 Pac. Rep. 918), that a motion for judgment on the pleadings was not in harmony with the spirit of the Code, and, as a con-

sequence, such a motion ought not to be favored.   The case of *Hindman* v. *O. R. & N. Co.* 17 Or. 614 (22 Pac. Rep. 116), relied upon by the defendant, is not in point, and does not present the question here involved.   In view of these considerations, we think there was no error, and the judgment must be affirmed.