(83 N. W. Rep. 5.)

---

JAMES RIVER NATIONAL BANK *vs.* J. R. PURCHASE.

Opinion filed May 17, 1900.

### Objection to All Evidence for Insufficiency of Complaint Must Indicate Defect.

An objection to the introduction of any evidence, upon the ground that the complaint does not state facts sufficient to constitute a cause of action, made at the opening of the trial, is insufficient in not directing attention to the particular defect in the complaint relied upon. Chilson v. Bank, 9 N. D. 96, 81 N. W. Rep. 33, and Schweinber v. Elevator Co., 9 N. D. 113, followed.

### Defects in Complaint Not Waived by Failure to Demur.

A party who fails to attack a complaint by demurrer, upon the ground that it does not state facts sufficient to constitute a cause of action, does not by such failure waive his right to urge such objection thereafter. Such right is saved by section 5272, Rev. Codes.

### Practice—Defective Complaint.

The method for attacking the sufficiency of the complaint upon the grounds of insufficiency, after failure to demur, is by motion.

### Improper to Dismiss Case on Objection to Evidence.

A judgment of the District Court dismissing an action, which shows upon its face that it was ordered and entered upon an objection "to the introduction of any evidence on the part of the plaintiff, for the reason that the complaint does not state facts sufficient to constitute a cause of action," is irregular, in that it is based upon no ground authorized by the statute or established rules of procedure. Such objection, being merely directed to the admission or exclusion of evidence, cannot take the place of a formal motion.

Appeal from District Court, Stutsman County; *Glaspell,* J.

Action by the James River National Bank of Jamestown against J. R. Purchase and others.   Judgment for defendants, and plaintiff appeals.

Reversed.

*S. E. Ellsworth,* for appellant.

*E. W. Thorp* and *G. W. Thorp,* for respondents.

YOUNG, J.   This is an appeal from a judgment rendered and entered by the District Court of Stutsman county dismissing plaintiff's case and for costs.   We have reached the conclusion, from an examination of the judgment appealed from, that it must be reversed for an irregularity which appeared upon its face, which consists entirely of an error of procedure.   The judgment recites that the issues of fact came on for trial at the January, 1900, term of said court; that after a jury was impaneled to try such issues a witness was sworn on behalf of the plaintiff.   At this point the defendants, by their attorney, E. W. Thorp, objected "to the introduction of any evidence on the part of the plaintiff, for the reason that the complaint does not state facts sufficient to constitute a cause of action."   The judgment further recites that after hearing arguments thereon "it is hereby ordered and adjudged by the court that the objection of the defendant herein be, and the same is hereby, sustained by the court, and further ordered that the above-named plaintiff's case herein be dismissed on said objection, and defendants have and recover costs and disbursements," etc.   The judgment does not purport to be based upon anything else than the objection to the introduction of evidence which we have quoted.   Its recitals preclude any other view, for it is expressly stated therein that it is based upon that objection, which is recited at length in the judgment.   This form of an objection to evidence has been repeatedly condemned by this court as not good.   *Bowman* v. *Eppinger,* 1 N. D. 21, 44 N. W. Rep. 1000; *Chilson* v. *Bank,* 9 N. D. 96, 81 N. W. Rep. 33; *Schweinber* v. *Elevator Co.,* 9 N. D. 113, 81 N. W. Rep. 35.   In commenting on an objection couched in the same language as that in the case at bar, in the case last cited this court said:   "It points out no defects in the complaint, gives the court no opportunity to order an amendment, and gives plaintiff no opportunity to amend voluntarily. At that stage of the case the court cannot stop all proceedings until it can critically examine a complaint, however long, however involved and technical, to see that it contains every required averment. If a defendant elects to defer his attack upon the pleading until the taking of testimony is reached, he must make his objection specific." Our views remain unchanged on this point.   The objection interposed was bad.   But had it sufficiently pointed out specific defects in the complaint, and been properly sustained, yet it would not furnish a basis for dismissing the case.   The objection merely calls for a ruling upon the admission of testimony, and if the objection is sustained the case is still pending for further proceedings.   If the

complaint is insufficient in some particular which is curable by
amendment, the court may, in its discretion, allow an amendment.
In any event, the sustaining of the objection does not authorize a
summary order of dismissal of the case. It is true that the right to
object to the jurisdiction of the court, and that the complaint does
not state facts sufficient to constitute a cause of action, is not waived
by failing to demur on those grounds. But, to make such grounds
available as a basis for a judgment of dismissal, they must be pre-
sented in some form either authorized by the statute or recognized
by the courts as proper procedure. The statute, while reserving the
right to object to the complaint on the grounds named, is silent as
to the method of attack. The method of attack recognized by the
courts is by motion. The authorities all so hold. *King* v. *Mont-
gomery,* 50 Cal. 115. In *Kelley* v. *Kriess,* 68 Cal. 210, 9 Pac. Rep.
129, the court said that, "if a complaint fails to state facts sufficient
to constitute a cause of action, advantage may be taken of the defect
by demurrer, by motion for judgment on the pleadings, or upon a
motion for a new trial." To the same effect are *De Toro* v. *Robinson,*
91 Cal. 371, 27 Pac. Rep. 671; *Holcraft* v. *King,* 25 Ind. 352;
*Tooker* v. *Arnoux,* 76 N. Y. 397; *Kley* v. *Healy,* 127 N. Y. 555,
28 N. E. Rep. 593; *Gould* v. *Glass,* 19 Barb. 179; *Sheridan* v.
*Jackson,* 72 N. Y. 170; *Coffin* v. *Reynolds,* 37 N. Y. 640; *Smith* v.
*Weage,* 21 Wis. 446; 6 Enc. Pl. & Prac. 875; 11 Enc. Pl. & Prac.
1044. The method of granting judgment upon the pleadings upon
oral motion made at the time of trial is not, however, looked upon
with favor by the courts. *Bowles* v. *Doble,* 11 Ore. 474, 5 Pac. Rep.
918; *Currie* v. *Southern Pac. Co.,* 23 Ore. 400, 31 Pac. Rep. 963;
*Bank* v. *Meerwaldt,* 8 Wash. 630, 36 Pac. Rep. 763; *Smith* v.
*Dennett,* 15 Minn. 81 (Gil. 59). It was said in *Holmes* v. *Campbell,*
12 Minn. 221 (Gil. 141), that, "on a motion for judgment on
account of the insufficiency of the complaint at any stage of the
case, the court will not declare the pleading fatally defective, if it can
be sustained by the most liberal construction." In the case at bar
the defendant did not challenge the legal sufficiency of the complaint
either by demurrer or by motion. He simply objected to the intro-
duction of evidence, and in form which we have held to be insuffi-
cient. But, as we have seen, even had it been sufficiently specific
and properly sustained, it would not, nevertheless support a judg-
ment of dismissal. No such procedure is authorized by the statute
or known to the courts. For this irregularity the judgment must be
reversed, and a new trial ordered. It is but just to the trial court
to state that counsel for both parties treated the objection to the
introduction of evidence as a demurrer to the complaint, both in
the lower and in this court, and the trial court doubtless acted on it
as such. But it is not so in fact. In the record before us, and upon
which the case must be determined, it appears as an objection to
the introduction of evidence, and nothing more. As such, it furnishes
no authority to order a judgment of dismissal, either under the statute
or any rule of procedure known to the courts. The District Court

is therefore directed to enter an order reversing the judgment. All concur.