## HARMAN v. YEAGER et al.

Supreme Court of Utah.

No. 6244. Decided February 15, 1941. (110 P. [2d] 352.)

*F. Henri Henriod,* of Salt Lake City, for appellants.

*P. G. Ellis, Parley P. Jenson,* and *J. Paton Neeley,* all of Salt Lake City, for respondent.

LARSON, Justice.

Plaintiff instituted this action against defendants Yeager and others to quiet title to a small tract of land in Salt Lake County. The complaint was in the usual form for actions to quiet title, greatly abbreviated. Defendants Yeager filed an answer and no demurrer to the answer was interposed. When the cause was called for trial plaintiff, upon suggestion of the trial court, moved for a judgment on the pleadings. Defendants Yeager then asked leave to amend their answer. The court denied the request for leave to amend and entered judgment on the pleadings in favor of plaintiff,

quieting her title. Defendants then obtained new counsel, who now represent them. Such counsel moved the court to vacate the judgment, and hear the cause on its merits, tendering a new and amended answer. The motion was denied and the Yeagers appeal.

Did the trial court erre in entering judgment on the pleadings? Or to put it another way, did the answer, either by denial or by facts pleaded, controvert or put in issue any fact material to establish plaintiff's right to the relief which the court granted? We shall not set forth the answer in haec verba. Neither do we wish to quote it for fear it might be copied or followed as a form by some one who does not understand the purpose or importance of pleadings. We shall however refer to the facts therein which we think may fairly and properly be said to evidence the intent and effort of the pleader to join issue with the allegations of plaintiff's complaint. If such issue joined, judgment on the pleadings was improperly granted and the cause must be reversed.

The answer to either question requires that the judgment be reversed. A motion by plaintiff for judgment on the pleadings can only stand upon the basis that defendants' answer admits all plaintiff's material allegations and offers nothing in bar or by way of avoidance. It is in order only when the answer raises no issue or states no facts which in law could be a defense to any part of plaintiff's claim as covered in the motion. It is in effect and purpose a general demurrer to the answer. *Hancock* v. *Luke*, 46 Utah 26, 148 P. 452; *Giles etc., Co.* v. *Recamier Mfg. Co.*, 14 Daly 475, 15 N. Y. St. Rep. 354. Such motions are generally not favored by the courts, and when made great liberality in construing the assailed pleading should be allowed. *Bowles* v. *Doble*, 11 Or. 474, 480, 5 P. 918; *Currie* v. *Southern Pac. Co.*, 23 Or. 400, 31 P. 963; *James River, etc., Bank* v. *Purchase*, 9 N. D. 280, 83 N. W. 7; *Giles, etc., Co.* v. *Recamier Mfg. Co.*, supra. In the last case cited the court says:

"It is a dangerous practice to allow either party to interpose an oral demurrer, at the trial, to the pleading of his adversary. If a pleading

be substantially defective, the honest course is to demur to it, and thus give court and counsel a fair opportunity to examine and consider the question of law that is involved. If there be any reasonable doubt as to the insufficiency of the pleading, the court should deny a motion that is sprung at the trial for judgment on the pleadings. "

When a demurrer is interposed timely, that is, before the cause is set for trial, so that the pleadings may be examined and considered and if necessary amended where such can be done without serious inconvenience to the parties, the public, and the orderly procedure of the court's business, it may be well to examine them quite critically and resolve all doubts against the pleader. The best pleadings are none too good. Good pleadings makes for clearer issues, speedier hearings, more definite determinations and better lawyers and judges. Poor pleadings make for slovenly practice, beclouded issues, disorderly procedure, confusions in trials, and consequently more possible errors requiring appeals. No harm can be done by requiring parties to amend their pleading and clarify the issues when defects therein are timely called to their attention. But when a party fails until the cause is called for trial to demur and call the attention of the court and counsel to what he thinks substantial defects in a pleading, the pleading should be liberally construed in favor of the pleader with all reasonable inferences from the facts pleaded indulged with a view to a trial on the merits and doing substantial justice between the parties. Section 104-13-1, R. S. U. 1933; *Hancock* v. *Luke,* supra; *Chesney* v. *Chesney,* 33 Utah 503, 94 P. 989, 14 Ann. Cas. 835; *Tate* v. *Rose,* 35 Utah 229, 99 P. 1003. In the Hancock case we said [46 Utah 26, 148 P. 455]:

"Courts generally do, and always should, require the parties to proceed to the merits, if such a course is permissible, after giving the allegations and averments contained in the pleadings, and the necessary inferences arising therefrom, a liberal construction and application. Of course, if in no view that may be indulged in favor of the pleadings the law sanctions a defense, then but one course is permissible, and that is judgment for plaintiff on the pleadings."

Viewing the motion therefore as a speaking demurrer, when the answer was held to be bad and the defendants sought to amend, they should have been granted such right unless under the facts admitted there was no reasonable probability that they could state a defense or make an issue on a matter material to plaintiff's cause of action. Section 104-14-3, R. S. U. 1933. We refer the reader to the elaborate discussion of the matter in the Hancock case

While nothing can be said in praise, approval, or defense of the answer before us as a pleading, we think that under liberal construction the following appears: That defendants on November 18, 1932, were the owners and in possession of the land described as the N.½ of the N.½ of Lot 8, and at that time conveyed to plaintiff a part of such tract, particularly described, which covers the lands described in plaintiff's complaint less a strip 5 feet by 46 rods. That is, plaintiff seeks to quiet title to a strip of land 5 feet by 46 rods, which is more than that to which defendants admit plaintiff has any right or interest. There is also an allegation denying plaintiff's possession of this disputed strip and an attempt to plead something about a division fence between the parties fixing their rights. The prayer of the answer was that plaintiff's title be limited to the lands described in the answer as having been conveyed to them by the defendants, the Yeagers. We think these matters, while perhaps not constituting a positive denial of plaintiff's allegations, certainly cannot be said to be an admission of plaintiff's claims. They manifest an effort to join issue, and when leave to amend was asked the court should have granted the same.

We might add that both the complaint and the amended answer tendered by defendant with their motion to vacate the judgment can stand some revision and improvement before the cause is retried, if it is not to be another futile effort.

The judgment is reversed and the cause remanded for further proceedings in harmony with the views expressed. Costs to appellants.

MOFFAT, C. J., and McDONOUGH, J., concur.

WOLFE, Justice (concurring).

I concur in the result, it appearing that the amendments asked for under the principle of *Hayden* v. *Collins*, 90 Utah 228, 37 P. (2d) 349 rehearing at 90 Utah 238, 63 P. 2d 223, could not be other than were calculated to defeat in part, plaintiff's claim.

PRATT, Justice (dissenting).

I dissent.