## MAHON v. BENNETT et al.
### No. 4177.

District Court, W. D. Missouri, W. D.
Oct. 14, 1946.

Stinson, Mag, Thomson, McEvers & Fizzell, of Kansas City, Mo., for plaintiff.

Herman M. Langworthy and Charles M. Miller, both of Kansas City, Mo., for defendants.

REEVES, District Judge.

This is an action upon two contracts, one oral and the other written. The oral contract preceded the written contract and according to the averments of the complaint the plaintiff was coerced into the signing of the written contract. He charges, however, that both of them have been violated and the relief prayed is largely predicated upon the alleged oral agreements.

The defendants by their motion ask the court to require the plaintiff to specify when the oral contract was made and thereafter to specify wherein and in what manner the plaintiff was coerced and put in such duress as to cause him to sign the written agreement. Counsel for the defendants courteously ask for an oral argument on the defendants' motion.

■ 1. The cases cited by the defendants in support of the motion are cases decided long before the promulgation of the new Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Both by the rules and by practice it is permissible to make general averments. This is true for the reason that the new rules provide for discovery so that all information not revealed in the complaints might be obtained by the simple method of making inquiry or by deposition or interrogatories.

■ 2. It is alleged in the complaint that negotiations for the oral contract began in November, 1944, and continued over a period of several months before ultimately crystallizing into an oral agreement. It would be a simple matter to ask counsel for the plaintiff when it is contended such oral agreement was consummated. The written agreement bears date March 12, 1945, so that the intervening time between November, 1944, and March 12, 1945, is a very brief period. Some where between these two dates the oral contract was made.

■ 3. The same thing is true with respect to the alleged coercion or duress. The plaintiff should acquaint the defendants with the nature of the duress, but this can be done by answering questions rather than by amendment to the complaint. Under the rules it is contemplated that complaints should not be amplified or extended in view of the discovery rules. The complaint is entirely sufficient to enable the defendants to answer, and this they should do.

Counsel for the defendants will be granted 20 days to answer or plead further.