**HIBBITS v. THOMPSON et al.**

No. 4810.

District Court, W. D. Missouri, W. D.
Oct. 2, 1947.

C. A. Randolph, of Kansas City, Mo., for plaintiff.

Milligan, Kimberly & Deacy, of Kansas City, Mo., for defendant.

REEVES, District Judge.

The motion for a more definite statement or for a bill of particulars seeks further details concerning a cable or guy wire stretching from the top of a manufactory over a spur track of the plaintiff and anchored to a tree located some 40 or 50 feet beyond said spur track. It is alleged that the said guy wire was permitted to become slack and sagged so that plaintiff was injured in the performance of his duties on one of the cars operated by plaintiff passing under said guy wire or cable.

In substance the defendant said that the plaintiff knew about the sagging condition of said guy wire and had failed either to maintain it or to cause it to be maintained in a taut position and therefore fend against this accident.

The first two paragraphs of the motion appertain to this matter. The third and fourth paragraphs relate to injuries and hospitalization and greater detail is sought concerning these matters.

1. As a rule a motion for a more definite statement is the exact equivalent of the motion for a bill of particulars. In cases of ambiguity and doubt as to the meaning of an averment this is not true. In the instant case the defendant uses the motion for a more definite statement or for a bill of particulars as equivalents, which they are. In other words, the motion for a more definite statement is really a motion for a bill of particulars.

Under the New Federal Rules of Civil Procedure, as amended, 28 U.S.C.A. following section 723c, which amendment will become effective April 2, 1948, the motion for a bill of particulars will then be abolished. Heretofore the courts have, in effect, nullified such a motion for the reason that it is at variance with Rule 8 relating to the subject of brevity in pleadings.

2. Moreover, the information sought can easily be obtained by request for admissions. This applies particularly to the hospital bills and the bodily functions it is claimed were affected by reason of the injury.

On the question as to who owned and maintained the guy wire or cable it

seems obvious that it was constructed and maintained by the factory served by the defendant. It knows about this matter and therefore the plaintiff could furnish no information.

In view of the above, the motion should be overruled and it will be so ordered.