265 P.2d 422

SECURITIES CREDIT CORP.

v.

WILLEY.

No. 8041.

Supreme Court of Utah.

Dec. 28, 1953.

8. 41 Utah 388, 126 P. 316, 320.

Charles Welch, Jr., Arthur H. Nielson, Salt Lake City, for appellant.

George K. Fadel, Bountiful, for respondent.

McDONOUGH, Justice.

Appeal from a judgment on the pleadings in an action to take possession of an automobile held by respondent. The lower court granted judgment in favor of respondent and quieted title in him against the appellant.

Plaintiff began its suit by filing a complaint patterned after Form 16, Complaint to recover possession of personal property, adopted in the Utah Rules of Civil Procedure. Rule 84, U.R.C.P. This form merely alleges that plaintiff is the owner of the property, entitled to possession, that the property is being wrongfully withheld by the defendant, and that a demand has been made and refused. Defendant filed an answer alleging ownership in him, the circumstances of a sale to him of the property by Ed Barrett at Motor Center of Pocatello, Inc., that he had no knowledge of plaintiff's interest, and that the sale of the automobile was made with the full knowledge and consent of the plaintiff. Further, he asked by way of counterclaim that, inasmuch as no certificate of title had been delivered to him, the court grant a decree quieting title in him.

Before the court, at the time of the hearing on the motion for judgment on the pleadings, were the answers to interrogatories served on plaintiff by defendant, which revealed the nature of plaintiff's claim to ownership. The plaintiff had received an assignment of the contract of sale from the Motor Center of Pocatello, Inc., the contract was recorded in Idaho, and title was issued showing plaintiff as lienholder by virtue of the conditional sales contract. Questions as to the debts owed to plaintiff by Motor Center of Pocatello, Inc., were answered rather vaguely due to the fact that innumerable transactions were involved which would require an audit of the books to determine. However, the answer did aver a liquidated debt of $528, incurred prior to the purchase of the automobile by defendant.

Many technical questions are involved on this appeal, which need not here be determined in light of the broad policy of the rules of procedure to provide a simple method of pleading with available means for correction and amendment of pleadings to the end that each man may have his day in court.

■■■ Respondent contends that the discovery procedures are substitutes for the bill of particulars under the Code and hence become a part of the pleadings when filed. Inland Engineering & Construction Company v. Maryland Casualty Company, 76 Utah 435, 290 P. 367. However, this proposition has not been recognized by the federal courts under rules similar to ours. Mahon v. Bennett, D.C., 6 F.R.D. 213; Porter v. Shoemaker, D.C., 6 F.R.D. 438; Curtis v. George J. Meyer Malt & Grain Corp., D.C., 6 F.R.D. 444. On discovery, questions may be asked relating in any way to the case at hand, including those matters which point the way for the accumulation of evidence to rebut a claim; whereas a bill of particulars merely had as its goal the amplification of the complaint. The Federal, 28 U.S.C.A., and Utah Rules provide another means of obtaining the information formerly sought by a bill of particulars; that is, through a motion for a more definite statement. Rule 12(e), Hibbits v. Thompson, D.C., 7 F.R.D. 454.

■■ The difficulty in treating answers to interrogatories as a part of the pleadings for purposes of judgment on the pleadings is clearly pointed up in this case. Plaintiff was limited in its replies by the questions and was, at this point of the case, unable to introduce the contract or evidence of default on the contract. Apparently, the trial court interpreted the meaning of plaintiff's answer that only $528 liquidated debt existed between the Motor Center and plaintiff as being tantamount to a declaration that there had been no default on the installment payments on this particular contract. The answers to the interrogatories, although they did explain the nature of plaintiff's claim, did not supply sufficient

facts to justify a judgment on the pleadings or a summary judgment. Young v. Felornia, Utah, 244 P.2d 862.

"The office of the motion for judgment on the pleadings or for summary judgment is for practical purposes the same, and often are both applicable, but if it is necessary to consider matters outside pleadings, motion for judgment on the pleadings is to be treated as a motion for summary judgment, and neither can be granted if there is any genuine issue as to any material fact. Barber, District Director v. Tadayasu [Abo], 9 Cir., 186 F.2d 775; Munn v. Robinson [Robison], D.C., 92 F.Supp. 60." National Surety Corp. v. First National Bank in Indiana, D.C., 106 F.Supp. 302, 304.

In the present case, plaintiff was not accorded the privilege of offering answering affidavits as upon a motion for summary judgment, Rule 56, U.R.C.P., and found itself out of court on a judgment on the pleadings without having presented the facts upon which its claim arose. It must appear to a certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of its claim before a judgment on the pleading may be granted. Michel v. Meier, D.C., 8 F.R.D. 464.

Thus, even if the answers to interrogatories were considered as part of the pleadings for this purpose, the right to a judgment on the pleadings is not clear, as it must be for such a judgment. Hutchings v. Lando, D.C., 7 F.R.D. 668.

Judgment of the trial court is reversed. Costs to appellant.

CROCKETT, HENRIOD and WADE, JJ., concur.

WOLFE, C. J., not participating.