**MOUNTAIN AMERICA CREDIT UNION,** as successor in interest to Horizon Thrift & Loan, Plaintiff and Appellee,

v.

**Robert E. McCLELLAN and Randy Hoyt, Defendants and Appellants.**

**No. 920217–CA.**

Court of Appeals of Utah.

May 24, 1993.

Certiorari Denied Sept. 21, 1993.

Blake S. Atkin, Salt Lake City, for defendants and appellants.

Bruce J. Reading, Salt Lake City, for plaintiff and appellee.

## OPINION

Before BILLINGS, GARFF and GREENWOOD, JJ.

GARFF, Judge:

Robert E. McClellan appeals from the trial court's judgment on the pleadings in favor of Mountain America Credit Union (Mountain America). We affirm.

■ Because McClellan appeals from a judgment on the pleadings, we accept the allegations in his answer as true and consider them and all reasonable inferences drawn therefrom in a light most favorable to him as the nonmoving party. *Golding v. Ashley Cent. Irrigation Co.*, 793 P.2d 897, 898 (Utah 1990). We recite the facts accordingly.

On June 5, 1984, Calistoga Court Club, Inc. (Calistoga), through its president and secretary, executed a promissory note for $30,420.00 in favor of Horizon Thrift & Loan (Horizon), the predecessor in interest to Mountain America. The note, in a box located at the top of the instrument, expressly identified Calistoga as the maker. Robert E. Hoyt, as president, and McClellan, as secretary, executed the note in their capacities as officers of Calistoga and then executed it again without qualification or reference to any representative capacities. As part of the transaction, Calistoga, through Hoyt and McClellan as officers, executed a deed of trust as security for payment of the note.

Calistoga, which was involuntarily dissolved in January 1988, defaulted on the note. On August 2, 1989, Mountain America sued Hoyt and McClellan, individually, for the then outstanding debt of $40,192.63. McClellan answered the complaint, admitting that he executed the note, but claiming that his execution was solely in his capacity as secretary of Calistoga. Additionally, McClellan asserted, as an affirmative defense, that liability on the note was corporate and not personal in nature.

On November 6, 1989, Mountain America moved, pursuant to Utah Rule of Civil Procedure 12(c), for judgment on the pleadings against McClellan, claiming that McClellan's answer did not deny the debt, and that no genuine issue of material fact remained to be tried. McClellan responded to the motion, reasserting that liability on the note was corporate, not personal. On January 23, 1990, the trial court, without a hearing, granted judgment in favor of Mountain America for $45,882.48, including interest, costs, and attorney fees.

On October 28, 1991, McClellan moved, pursuant to Utah Rules of Civil Procedure 13 and 14, for leave to join various Horizon officers as third-party defendants and to assert a cross-claim against Hoyt. After oral argument, the court denied the motion, and, at the same time, pursuant to Hoyt's unopposed motion to dismiss, dismissed Hoyt without prejudice. This appeal followed.

On appeal, McClellan claims the trial court erred in granting judgment on the pleadings in favor of Mountain America because his answer alleges not only that the complaint fails to state a cause of action upon which relief can be granted, but also "affirmatively asserts that his execution of that agreement was in his capacity as the secretary of [Calistoga]," and that his liability was corporate, not personal as alleged in the complaint. Thus, McClellan contends that controverted issues of fact preclude judgment on the pleadings in favor of Mountain America.

■ A court may enter judgment on the pleadings when the moving party is entitled to judgment on the face of the pleadings themselves. Utah R.Civ.P. 12(c). We affirm a judgment on the pleadings only if, as a matter of law, the nonmoving party, i.e., McClellan, could not prevail under the facts alleged. *Golding*, 793 P.2d at 898–99; *Securities Credit Corp. v. Willey*, 1 Utah 2d 254, 257, 265 P.2d 422, 424 (Utah 1953). Thus, we give such a ruling no deference and review it for correctness. *Lowe v. Sorenson Research Co.*, 779 P.2d

668, 669 (Utah 1989). Further, we may affirm the trial court's determination on any proper ground, notwithstanding the trial court's having based its ruling on another reason. *Buehner Block Co. v. UWC Assocs.*, 752 P.2d 892, 895 (Utah 1988).

■ McClellan asserts that he should have had an opportunity to present parol evidence showing he signed the second time at the request of the bank, without the intent to be personally liable. For the reasons stated below, however, McClellan is precluded, as a matter of law, from presenting extrinsic evidence.

The promissory note in the instant case, as a negotiable instrument, falls within the provisions of Article Three ("Commercial Paper") of the Uniform Commercial Code (UCC) as promulgated in Utah Code Ann. § 70A–3–101 to –805 (1990). Section 3–403 of the UCC, Utah Code Ann. § 70A–3–403, provides in pertinent part:

> (2) An authorized representative who signs his own name to an instrument
>
> (a) is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity;
>
> (b) except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity, or if the instrument does not name the person represented but does show that the representative signed in a representative capacity.

■ Subsection (2)(b) applies to the instant case. It states that a representative is personally obligated if the representative signed the instrument naming the person represented without indicating the the instrument was signed in a representative capacity, unless it can be shown otherwise as *between the immediate parties.* In short, a court may admit extrinsic evidence only if the litigation is between the immediate parties. *J.P. Sivertson & Co. v. Lolmaugh*, 63 Ill.App.3d 724, 20 Ill.Dec. 542, 380 N.E.2d 520, 522 (1978); *accord Grey-*

*hound Lines, Inc. v. First State Bank of Rollingstone*, 366 N.W.2d 354, 357 (Minn. Ct.App.1985). Subsection (2)(b) "is designed to insulate an innocent acquirer, a holder in due course, from verbal contentions made by an original party to an instrument as to what the parties intended, when there is no way the innocent holder could have been on notice of such contentions." *Guaranty Nat'l Bank v. Beaver*, 738 P.2d 1336, 1339 (Okl.1987).

Here, the litigation does not involve the immediate parties because Mountain America is the subsequent holder of the note.[1] Thus, McClellan, as a matter of law, cannot prevail under the facts alleged because parol evidence is inadmissible to show that he signed the note the second time in his representative capacity. The trial court therefore appropriately granted judgment on the pleadings in favor of Mountain America.

■ McClellan also claims on appeal that the trial court abused its discretion in refusing to grant his motion for leave to file a third-party complaint and a cross-claim. Such leave, McClellan argues, should have been granted in light of the policy to freely allow amendments of pleadings.

■ The granting or denying of leave to amend a pleading is within the broad discretion of the trial court, and we will not disturb such a ruling absent a showing of an abuse of that discretion. *Girard v. Appleby*, 660 P.2d 245, 248 (Utah 1983); *Hill v. State Farm Mut. Auto. Ins. Co.*, 829 P.2d 142, 149 (Utah App.1992). According to Utah Rule of Civil Procedure 15(a), which permits the amendment of pleadings by leave of court, leave is to be "freely given when justice so requires." In reviewing a trial court's ruling on a motion to amend, three factors are relevant: (1) the timeliness of the motion; (2) the moving party's reason for the delay; and (3) the resulting prejudice to the responding party. *Hill*, 829 P.2d at 149; *Tripp v. Vaughn*, 746 P.2d 794, 797–98 (Utah App.1987).

The record reveals that McClellan did not seek leave to amend until nearly two years

---

**1.** The parties do not dispute that Mountain America took over Horizon after the latter went into receivership.

had passed after the filing of his answer. In fact, at the time he sought leave to amend, over a year and a half had passéd since the court had granted judgment on the pleadings. Furthermore, neither in his motion nor at the hearing did McClellan provide the trial court with any reasons for such a delay. Finally, the trial court, based on the disadvantages the respondents would face if required to meet McClellan's new causes of action, found that the interests of justice were best served by the refusal of leave to amend. *See Girard*, 660 P.2d at 248. Therefore, the trial court did not abuse its discretion in denying McClellan's motion.

Having considered the other issues raised by McClellan, we determine that they are without merit, and in accord with established principles of appellate review, we decline to analyze and address them in writing. *State v. Carter*, 776 P.2d 886, 888–89 (Utah 1989). Accordingly, we affirm.

BILLINGS and GREENWOOD, JJ., concur.