2006 UT App 432

**MBNA AMERICA BANK, N.A., Plaintiff and Appellee,**

v.

**Launale A. WILLIAMS, Defendant and Appellant.**

**No. 20050516–CA.**

Court of Appeals of Utah.

Oct. 19, 2006.

Paul H. Johnson, John C. Heath, PLLC, Salt Lake City, for Appellant.

R. Bradley Neff and Tefton J. Smith, R. Bradley Neff, PC, Sandy, for Appellee.

Before Judges GREENWOOD, BILLINGS, and McHUGH.

### MEMORANDUM DECISION

GREENWOOD, Associate Presiding Judge:

¶ 1 Launale Williams appeals from a judgment on the pleadings in favor of MBNA America Bank, N.A. (MBNA). Williams argues that the trial court erred, as a matter of law, in granting MBNA's motion for judgment on the pleadings because (1) MBNA failed to file its amended complaint within the trial court's deadline;[1] (2) Williams's answer to the amended complaint should have been construed as a rule 12(b) motion, *see* Utah R. Civ. P. 12(b), thereby extending the timeline for filing pleadings;[2] and (3) Williams timely filed a responsive pleading that generally disputed MBNA's claim for damages.[3] We reverse and remand.

¶ 2 "A court may enter judgment on the pleadings when the moving party is entitled to judgment on the face of the pleadings themselves." *Mountain Am. Credit Union v. McClellan*, 854 P.2d 590, 591 (Utah Ct.App.1993); *see also* Utah R. Civ. P. 12(c). A reviewing court will "affirm a judgment on the pleadings only if, as a matter of law, the nonmoving party ... could not prevail under the facts alleged." *McClellan*, 854 P.2d at 591. Therefore, this court "give[s] such a ruling no deference and review[s] it for correctness." *Id.* "On appeal from the grant of a motion for judgment on the pleadings, [this court] take[s] the factual allegations of the nonmoving party as true, considering such facts 'and all reasonable inferences drawn therefrom in a light most favorable to the [non-moving party].' " *Straley v. Halliday*, 2000 UT App 38,¶ 2, 997 P.2d 338 (third alteration in original) (quoting *Golding v. Ashley Cent. Irrigation Co.*, 793 P.2d 897, 898 (Utah 1990)). Generally, judgments on the pleadings are "not favored by the courts, and when made[,] great liberality in construing the assailed pleading should be allowed." *Harman v. Yeager*, 100 Utah 30, 110 P.2d 352, 353 (Utah 1941).

¶ 3 On March 17, 2005, MBNA filed an amended complaint seeking recovery of sums owed on a credit card account. Williams's monthly statements, which are attached to the amended complaint, indicate that Williams owes a balance of $11,523.28. The amended complaint, however, alleges that Williams owes $14,381.14 in unpaid credit card debt.

¶ 4 After MBNA filed its amended complaint, Williams filed two documents. The first one, dated March 23, 2005, was captioned as a Motion for Default Judgment and/or to Compel Answers to Requests for Admissions and Production of Documents. Under the caption Williams stated, "This document is also in answer to the amended complaint by the Plaintiff." Despite this statement, the March 23 document does not address any of MBNA's claims or assert any defenses. Instead, the March 23 document focuses solely on requests for discovery. Two days later, on March 25, 2005, MBNA filed a Motion for Judgment on the Pleadings.

¶ 5 On April 5, 2005, Williams filed a Memorandum in Opposition to Plaintiff's Motion

---

1. We reject Williams's argument that MBNA's amended complaint is void as untimely filed because Williams failed to preserve this issue at the trial level by not objecting to the filing. *See State v. Holgate*, 2000 UT 74,¶ 11, 10 P.3d 346 ("As a general rule, claims not raised before the trial court may not be raised on appeal.").

2. At oral argument, counsel conceded that the rule 12(b) argument is without merit because the pleading could not fairly be construed as a rule

12(b) motion. *See* Utah R. Civ. P. 12(b). Therefore, we do not address this claim.

3. Although there was some mention of it in the briefs, counsel also conceded that Williams did not adequately raise any issues about standing or the identity of the plaintiffs as the creditor on appeal. Counsel clarified that Williams's only dispute pertains to the amount of money she owes to MBNA.

for Judgment and Defendant's Answer to Plaintiff's Amended Complaint. The April 5 document asserts, "Defendant shows that Plaintiff's Motion for Judgment on the Pleadings is Premature. That there is a genuine issue of disputed amounts owed and to whom the amounts are to be paid.... The amount shown by Plaintiff in the Amended Complaint does not coincide with the amount requested." The document further explains that "[t]he Defendant has requested that the plaintiff prove the amounts owed. The Affidavit presented by Plaintiff, the monthly billing statements also given do not show the true and documented ledger amount requested by Defendant.... *The defendant herby [sic] disputes Plaintiffs [sic] point # 11.*" [4] Williams also attached a letter from MBNA, dated March 14, 2005, upgrading her account and explaining that she is one of MBNA's "most valuable customers." She also included a letter she sent to MBNA in August of 2004 stating that she disputes its "unsubstantiated demand for payment." The remainder of the document focuses on requests for discovery.

¶6 Even though the April 5 pleading is inartfully drafted,[5] when it is viewed in a light most favorable to the non-moving party, it identifies issues of fact that preclude judgment on the pleadings. Therefore, we reverse the trial court's grant of judgment on the pleadings and remand for further proceedings in this matter.

¶7 WE CONCUR: JUDITH M. BILLINGS and CAROLYN B. McHUGH, Judges.

---

4. Point 11 of the Amended Complaint states, "Defendant made no disputes to Plaintiff regarding any charge for the period of February 18, 2002 to November 20, 2003."

5. Defendant acted pro se in the trial court proceedings, despite the court's admonishment that she would be better off if represented by counsel. As a result, Defendant's filings were difficult to understand.