IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| J. Mark Howard, | ) | PER CURIAM DECISION |
| | ) | |
| Plaintiff and Appellant, | ) | Case No. 20110772-CA |
| | ) | |
| v. | ) | |
| | ) | F I L E D |
| PNC Mortgage; CitiMortgage, Inc.; | ) | (January 20, 2012) |
| Paul M. Halliday Jr.; and Halliday | ) | |
| and Watkins, P.C., | ) | 2012 UT App 19 |
| | ) | |
| Defendants and Appellee. | ) | |

-----

Fourth District, Provo Department, 100401694
The Honorable Lynn W. Davis

Attorneys:     J. Mark Howard, Salt Lake City, Appellant Pro Se
            Anthony C. Kaye, Angela W. Adams, and Steven D. Burt, Salt Lake
            City, for Appellee

-----

Before Judges McHugh, Thorne, and Christiansen.

¶1     J. Mark Howard appeals the district court's July 20, 2011 order of dismissal. This matter is before the court on PNC Mortgage's motion for summary disposition on the basis that the grounds for review are so insubstantial as to not merit further proceedings and consideration by the court.[1]

---

    [1]This court also filed a sua sponte motion for summary disposition on the basis that this court lacked jurisdiction due to the absence of a final, appealable order. In

(continued...)

¶2     We review a district court's ruling on a motion on the pleadings for correctness. *See MBNA America Bank, N.A. v. Williams*, 2006 UT App 432, ¶ 2, 147 P.3d 536. In order to determine whether a complaint raises a valid cause of action, the sufficiency of a complaint "must be determined by the facts pleaded rather than the conclusions stated." *Franco v. Church of Jesus Christ of Latter-day Saints*, 2001 UT 25, ¶ 26, 21 P.3d 198. "[M]ere conclusory allegations in a pleading, unsupported by a recitation of relevant surrounding facts, are insufficient to preclude" dismissal or summary judgment. *Id.* ¶ 36.

¶3     Howard asserts that the district court erred in dismissing several of his claims because PNC Mortgage could not demonstrate that it was a holder in due course of the note. Specifically, Howard argues that PNC Mortgage must produce the original note, not a photocopy, to support its claim that it is now the holder of the note. However, courts have generally concluded that

> where there is no evidence that photocopies of a note or deed of trust are not exact reproductions of the original instruments, a party need not present the original note or deed of trust and may establish that it is the holder of the instruments by presenting photocopies of the note or deed of trust.

*Dobson v. Substitute Trustee Services, Inc.*, 711 S.E.2d 728, 730 (N.C. Ct. App. 2011); *see also* Utah R. Evid. 1003 ("A duplicate is admissible to the same extent as an original" unless a question is raised as to the duplicate's authenticity, or it would be unfair to admit the duplicate); *Cadle Co. v. Errato*, 802 A.2d 887, 896 (Conn. App. Ct. 2002) (stating that "the production of a photocopy of a note, rather than the original, may suffice to establish a plaintiff's status as a holder in due course"); *Mark v. Household Finance Corp. III*, 296 S.W.3d 838, 842 (Tex. App. 2009) (stating that "'a photocopy of a note attached to the affidavit of the holder, who swears that it is a true and correct copy of the note, is

---

[1](...continued)
response to the court's motion, PNC Mortgage clarified that it prepared the order signed by the district court. As such, *Giusti v. Sterling Wentworth Corp.*, 2009 UT 2, 201 P.3d 966, is not applicable, and the court's motion is withdrawn.

sufficient as a matter of law to prove the status of owner and holder of the note absent controverting summary judgment evidence'").

¶4      Here, there is no question of fact as to whether the note and interest in the trust deed had been transferred to PNC Mortgage by CitiMortgage, Inc.  In fact, Howard admits in his complaint that CitiMortgage "assigned all of its rights, title and interest in the note, trust deed and subject property" to PNC Mortgage.  Further, PNC Mortgage attached a copy of the note to its verified answer.  The note contains an endorsement transferring it from CitiMortgage to National City Bank, which later became PNC Mortgage.  Thus, there is no dispute as to whether the note was transferred to PNC Mortgage.  Similarly, Howard provided no reason to doubt the authenticity of the duplicate note, nor has Howard raised any issue that would demonstrate it was unfair to rely on the duplicate.  *See* Utah R. Evid. 1003.  Accordingly, an original copy of the note was not required to prove whether or not PNC Mortgage was a holder in due course.

¶5      Howard next alleges that PNC Mortgage did not have the right to foreclose on the property because the note had been pooled within other mortgage notes and sold as a security.  This court recently rejected a similar argument in *Commonwealth Property Advocates, LLC v. Mortgage Electronic Registration System, Inc.*, 2011 UT App 232, 263 P.3d 397.  Specifically, the court interpreted Utah law as "ensuring the basic presumption that '[a] transfer of an obligation secured by a mortgage also transfers the mortgage unless the parties to the transfer agree otherwise.'"  *Id.* ¶ 13.  As such, the sale of passive investment interests in a note secured by a trust deed does not on its own alter the rights, obligations, or enforceability of a trust deed.  *See id.* ¶ 10.  Therefore, because securitization on its own does not alter the rights, obligations, or enforceability of a trust deed, a litigant must plead facts specific to his case that demonstrate that the documents at issue in the case do not allow securitization of the note.  *See id.*  Howard failed to allege such specific facts in his complaint.  Accordingly, the district court properly dismissed Howard's claims concerning the securitization of the note.

¶6      Finally, Howard argues that the district court erred in dismissing his claim concerning the Fair Debt Collection Practices Act.  The district court dismissed this claim because it was "based entirely on legal conclusions rather than supported by relevant, supporting facts."  Based upon our own review of the pleadings, we agree that Howard merely asserted broad conclusory allegations in his complaint "unsupported

by a recitation of relevant surrounding facts." *Franco*, 2001 UT 25, ¶ 36. As such, the district court properly dismissed Howard's cause of action relating to the Fair Debt Collection Practices Act.

¶7    Affirmed.

_____
Carolyn B. McHugh,
Presiding Judge

_____
William A. Thorne Jr., Judge

_____
Michele M. Christiansen, Judge