269 P.2d 282

RICCIUTI v. ROBINSON.

No. 8070.

Supreme Court of Utah.

April 15, 1954.

Stewart, Cannon & Hanson, Salt Lake City, for appellant.

Jerome Horowitz, Ogden, for respondent.

HENRIOD, Justice.

Appeal from a judgment on a verdict for plaintiff for injuries allegedly suffered while riding as a guest in defendant's car. Reversed, costs to defendant.

Defendant assigned several errors, only one of which is necessary to dispose of this case: That the court erred in failing to direct a verdict for defendant. It is claimed the defendant was not guilty of "wilful misconduct" as that term is contemplated under our so-called "guest" statute.[1] It is conceded there was no evidence of intoxication.

Plaintiff and a girl friend met defendant and his friend at a tavern about midnight, and after making a round of several such places, after eating at one, and at

---

1. Title 41-9-1, U.C.A.1953: " * * * Nothing in this section shall be construed as relieving the * * * driver * * * from liability for injury to * * * such guest proximately resulting from the intoxication or wilful misconduct of such * * * driver * * *."

about 3:30 a. m. the defendant drove the party over a canyon road to a dam and returned to the city. The morning was dark, and although there was no snow on the streets, they were wet and a light snow was falling. Approaching through a residential district where the speed limit was 30 m. p. h., and while the sleeping girl in the front seat had her head in defendant's lap, a lighted cigarette fell from the latter's mouth into the folds of his clothing and in attempting to rid himself of it, and while sparks were flying, defendant lost control of his car. It jumped the curb, travelled along the lawned parking 192 feet, jumped several other driveway curbs, sideswiped 2 trees, knocking the rear door off, returned to the highway and travelled another 183 feet before being stopped. There is evidence that defendant at one point on the parking applied his brakes, but there was no evidence of brake marks on the street either before the car jumped the curb or after it returned to the street. Over objection, a policeman was allowed to give his opinion that the car was travelling at about 60 m. p. h. The opinion apparently was given on assumed facts not in the record, i. e., that the brakes of the car were applied for the distance covered after the car returned to the street, although there was no evidence of brake marks. Although we believe a proper foundation was not laid for this evidence, for the purposes of this case we may assume the car was travelling at 60 m. p. h. at the time the accident occurred. The plaintiff, who was talking with her male companion in the back seat, testified that defendant drove very carefully down the canyon, and that at the time of the accident she had no complaint as to the manner in which he was driving, and that she didn't think he was doing anything wrong. There is no evidence that any of the other occupants at any time complained of defendant's driving.

Counsel for plaintiff concedes that the wilful misconduct contemplated under our guest statute is " 'the *intentional* doing of an act or *intentional* omitting or failing to do an act, *with knowledge* that serious injury is a probable and not merely a possible result, or the *intentional* doing of an act with wanton and reckless disregard of the possible consequences.' "[2]

Under the facts of this case, a reasonable person could not conclude that defendant intentionally did or failed to do an act that would fall within this definition. These people were friends. There is no fact or combination of facts in the record which showed a wanton or reckless disregard of the consequences, which in this case were a loss of control due solely to the accidental dropping of a lighted cigarette in the defendant's clothing and the car jumping the curb when defendant tried to dispose of the lighted cigarette. The

2. Stack v. Kearnes, Utah, 221 P.2d 594, 597.

fact that the girl was asleep with her head in defendant's lap would seem to negative any reckless disregard by the latter for her well-being. The assumed fact that defendant was travelling 60 m. p. h. in a residential zone was not a fact that would indicate defendant had knowledge or any reason to believe that such speed probably or even possibly would result in a lighted cigarette accidentally falling out of his mouth. Such an event as well could have occurred while travelling 25 m. p. h. in any kind of weather and in any speed zone. It was not the speed, but the dropping of a lighted cigarette that resulted in the loss of control, and this accidental and involuntary circumstance cannot be said to be wilful misconduct under any reasonable theory or basis of fact.

Cases strikingly similar to the instant case are Bashor v. Bashor, 103 Colo. 232, 85 P.2d 732, 120 A.L.R. 1507, where the driver, travelling 45–55 m. p. h., momentarily withdrew his attention from the road while turning a radio dial, Neyens v. Gehl, 235 Iowa 115, 15 N.W.2d 888, where, as here, the driver, travelling at 50–60 m. p. h., sought to retrieve a lighted cigarette he had dropped, and Rindge v. Holbrook,

111 Conn. 72, 149 A. 231, where the driver momentarily lost control when a bee flew into the car.[3] All hold that the driver host was not guilty of wilful misconduct towards his guest passenger. We have examined the authorities cited by plaintiff's learned counsel in support of his position, and although we agree generally with the principles they enunciate, suggest that factually they are so different as not to be determinative here.[4]

■ We are aware of the principle that ordinarily the matter of wilful misconduct is a jury question, but not where the facts are such that reasonable minds could not conclude that defendant showed that type of intention or knowledge, or indulged in that type of aggravated negligence necessary to create liability on account of wilful misconduct in guest passenger cases.

McDONOUGH, CROCKETT and WADE, JJ., and MARTIN M. LARSON, District Judge, concur.

WOLFE, C. J., being disqualified, does not participate herein.

3. See Prosser, Torts, "Automobile Guests," p. 633.

4. Norton v. Puter, 138 Cal.App. 253, 32 P.2d 172; Schlesinger v. Miller, 97 Colo. 583, 52 P.2d 402; Stack v. Kearnes, supra; Esernia v. Overland Moving Co., 115 Utah 519, 206 P.2d 621.