355 P.2d 62

Jack A. MILLIGAN, Plaintiff and Appellant,

v.

Melvin Coy HARWARD, Kenneth B. McDuffy, and C. E. Lindsey, Defendants and Respondents.

No. 9121.

Supreme Court of Utah.

Sept. 8, 1960.

King & Hughes, Salt Lake City, for appellant.

Ray, Quinney & Nebeker, Grant C. Aadnesen, Salt Lake City, for respondents.

CALLISTER, Justice.

An action to recover damages for personal injuries. At the close of plaintiff's case all defendants made motions to dismiss. The motions were granted and plaintiff appeals.

On the evening of August 15, 1958, the plaintiff and his friend, a Mr. Finnegan, had dinner at the plaintiff's home. After dinner they proceeded to a nearby tavern on South State Street in Salt Lake City, where they engaged in a game of pool with the defendant, Harward. During the course of the evening all three men consumed several beers, the exact number being unascertainable.

When the tavern closed at 1:00 a. m., Harward invited the plaintiff and Finnegan to accompany him to a cafe. Harward had not had dinner that evening.

The three men got into Harward's automobile and proceeded north on State Street with Harward at the wheel. The street was well lighted but wet from a recent rain. Just before reaching the cafe, the automobile collided with a truck which was parked on the right side of the street. The truck had been parked by the defendant, McDuffy, an employee of the defendant, Lindsey.

Plaintiff, in seeking a reversal of the trial judge's dismissal, contends (1) that the defendant, Harward, was guilty of either wilful misconduct or intoxication and (2) that the truck was improperly parked, both proximately contributing to the injuries received by plaintiff in the collision.

According to plaintiff's evidence, he was seated in the front seat to the right of Harward. Finnegan was in the back seat. The men were relaxed and talking. The automobile was traveling at the approximate speed of 35 miles per hour, which was within the posted speed limit. Finnegan lighted a cigarette and Harward requested Finnegan to light another for him. Harward turned his head and shoulders to the right to obtain the cigarette, at which time the right front of his automobile collided with the left rear of the parked truck.

Section 41–9–1, U.C.A.1953, relieves the driver of a vehicle from liability to a guest passenger except where the injury to the guest results from the intoxication or wilful misconduct of the driver.

█ The only evidence of intoxication, other than the consumption of beer by Harward, was the testimony of an investigating officer to the effect that Harward, immediately after the accident, appeared to be under the influence of intoxicating liquor. However, both the plaintiff and Finnegan testified that Harward appeared sober when they entered the automobile, and that Harward, up to the point of impact, drove in a reasonably prudent manner. At no time did they observe any indication that Harward might be intoxicated. Of course, if the plaintiff had known Harward was intoxicated at the time they embarked on the journey, he would probably be in the position of having assumed the risk.

The evidence is insufficient to conclude that Harward was intoxicated, and wholly deficient in proving that intoxication was the proximate cause of the accident. Harward, in reaching for the cigarette, took his eyes from the road and it was at that precise time that the accident occurred. Taking one's eyes from the road under such circumstances is not inconsistent with sobriety.

██ Harward's act in reaching for the cigarette cannot be construed as wilful misconduct. Wilful misconduct is the intentional doing of an act or intentional omitting or failing to do an act, with knowledge that serious injury is a probable and not merely a possible result, or the intentional doing of an act with wanton and reckless disregard of the possible consequences.[1] Wilful misconduct cannot be predicated upon mere inadvertence or even gross negligence.

The so-called guest statute, of course, has no application to the defendants, McDuffy and Lindsey. However, the plaintiff failed to prove by competent evidence any negligence on their part.

Affirmed. Costs to respondents.

CROCKETT, C. J., and WADE, HENRIOD and McDONOUGH, JJ., concur.

---

1. Ricciuti v. Robinson, 2 Utah 2d 45, 269 P.2d 282.