426 P.2d 1021

Marjorie BROWN and Joyce Brown, Sharon Brown and Linda Mae Brown, Minors, by and through their Guardian Ad Litem, Herbert Brown, Jr., Plaintiffs and Appellants,

v.

Alan D. FRANDSEN, Administrator of the Estate of Nathan Brewer, Deceased, Defendant and Respondent.

No. 10687.

Supreme Court of Utah.

April 26, 1967.

4. See Vause v. Industrial Comm., 17 Utah 2d 217, 407 P.2d 1006; Kent v. Industrial Comm., footnote 1 above.

George E. Bridwell, Salt Lake City, Melvin M. Belli, San Francisco, Cal., for appellants.

Skeen, Worsley, Snow & Christensen, John H. Snow, Salt Lake City, for respondent.

KELLER, District Judge:

This is an appeal from a summary judgment dismissing the plaintiffs' action for personal injuries brought against the administrator of the estate of their host driver, who was killed in the same accident. They contend that he was guilty of wilful misconduct in going to sleep while driving.[1]

The facts as found by the trial court are briefly summarized as follows: On the afternoon of September 16, 1959, Nathan Brewer, the deceased driver, commenced a journey by automobile from La Puente, California, with a point near Washington, D. C., as his destination. Accompanying him as guests were his wife, Mary, her sister, his daughter Marjorie and her three minor daughters. The group arrived at Las Vegas, Nevada, at approximately eleven p. m. of the first day of their journey and took lodging for the night at a motel. The deceased spent a somewhat restless night, ate breakfast at Las Vegas, stopped at St. George, ate a lunch and rested in a park for about an hour. Near Cedar City the decedent made a brief stop for a drink of fruit juice and then resumed his journey. At a point on Highway 91 approximately ten miles north of Paragonah, the car turned into the lane for southbound traffic and proceeded on adjacent ground below the road level, there struck a raised bank of an intersecting highway and overturned. The decedent was knocked unconscious and died without regaining consciousness within an hour after the crash. At the time of his death he was 68 years of age and in good health. On one occasion several years before he had gone to sleep for a second or two while driving and thereafter was afraid of driving while sleepy. At no time before the accident was he observed to have driven his car in an unsafe manner. At the time of the crash all of the guests were asleep except the plaintiff Marjorie Brown. She, riding in the front seat with the decedent, had been talking to him a few moments before the crash but at the time it

1. Section 41-9-1, Utah Code Annotated 1953.

occurred had her eyes closed and was dozing slightly. She did not observe any symptom that the decedent was about to fall asleep.

In answer to hypothetical questions based upon what has been recited above, two licensed physicians expressed the opinion that the decedent had lost control of the automobile because of his having fallen asleep. That conclusion was adopted by the trial court.

The plaintiffs take no exception to the findings of the trial court and unless one may reasonably conclude from the facts as found that wilful misconduct on the part of the driver was the proximate cause of the accident, the judgment of the trial court must be sustained.

 Wilful misconduct is the intentional doing of an act, or intentional failure to do an act, with knowledge that serious injury is a probable result.[2] The facts do not reveal that decedent had any premonitory warning that he was about to fall asleep unless we conclude that sleep

does not occur without the consciousness that it is imminent. Proof merely that a host driver of an automobile had fallen asleep at the time of the incident resulting in injury to a guest does not supply the requirement of a conscious disregard of the warning symptoms that sleep is approaching.[3] Gross negligence which connotes lesser wrongdoing than wilful misconduct[4] is not established merely by proof that a host driver went to sleep resulting in damage to a guest.[5] The rules just stated prevail in substantially all courts of the United States. This would not be so if it were common knowledge that in all cases one has premonitory warning that he is passing into the unconsciousness of sleep.

We sustain the judgment of the trial court.

CROCKETT, C. J., and CALLISTER, TUCKETT and HENRIOD, JJ., concur.

ELLETT, J., being disqualified, did not participate herein.

---

2. Milligan v. Harward, 11 Utah 2d 74, 355 P.2d 62; Ricciuti v. Robinson, 2 Utah 2d 45, 269 P.2d 282.
3. Turner v. Schaefer, 30 Ill.App.2d 376, 174 N.E.2d 690; Valencia v. Strayer, 73 N.M. 252, 387 P.2d 456; 28 A.L.R.2d, Sec. 41, Page 71.
4. Stack v. Kearnes, 118 Utah 237, 221 P. 2d 594.
5. 28 A.L.R.2d, Sec. 32, Page 60; Valencia v. Strayer, supra.