Michael John **PREUSS**, Plaintiff
and Appellant,

v.

Roger K. **WILKERSON**, Defendant
and Appellee.

No. 920156.

Supreme Court of Utah.

Aug. 11, 1993.

George M. McCune, Salt Lake City, for
plaintiff and appellant.

Roger K. Wilkerson, pro se.

**PER CURIAM:**

This matter is before the court on plaintiff's motion for summary reversal of a district court order dismissing the complaint for lack of prosecution under rule 4–103 of the Utah Code of Judicial Administration. We reverse and remand for a hearing at which plaintiff will be allowed to show good cause, if any he has, for his failure to prosecute the action within the time limits of the rule.

The complaint was filed in this case on October 10, 1991, and the summons and complaint were served on defendant on October 28, 1991. The return of service was filed November 11, 1991. No answer was filed by defendant, and no default against defendant was taken by plaintiff. On February 20, 1992, the court, without notice to plaintiff and without giving him an opportunity to be heard, dismissed the complaint for lack of prosecution.

The pertinent part of rule 4–103 provides:

(1) If a default judgment has not been entered by the plaintiff within 60 days of the availability of default and absent a showing of good cause, the court shall dismiss the case without prejudice for lack of prosecution.

Plaintiff asserts that he was never given notice that dismissal of his complaint was under consideration and that he was not given an opportunity to present evidence and argument that he had good cause for not taking a default within sixty days. He argues that he was deprived of due process by the district court's sua sponte action without notice to him. However, we see no need to reach the constitutional question, as such, because the issue may be decided as a matter of statutory construction. Rules, like statutes, are to be construed to avoid constitutional inter-

pretation where possible.[1] In the past we have said:

In our judicial system, except in extraordinary circumstances that are not present here, all parties are entitled to notice that a particular issue is being considered by a court and to an opportunity to present evidence and argument on that issue before decision. The failure to give adequate notice and opportunity to participate can constitute a denial of due process under article I, section 7, of the Utah Constitution.

*Plumb v. State,* 809 P.2d 734, 743 (Utah 1990) (citations omitted).

Construing rule 4–103 in this light, we note that it provides for dismissal of the complaint "absent a showing of good cause." Implicit in that language is the concept that the plaintiff should have notice of the court's consideration of dismissal before a matter is dismissed and also should have an opportunity to show good cause why this should not occur. In the present case, the court was in error in failing to give notice and an opportunity to be heard. Therefore, the dismissal was improper.

Reversed and remanded for further proceedings consistent with this opinion.

---

**1.** *Provo City Corp. v. State,* 795 P.2d 1120, 1125 (Utah 1990); *Crawford v. Tilley,* 780 P.2d 1248, 1252 (Utah 1989); *State v. Wood,* 648 P.2d 71, 82 (Utah 1982).